LOUIS KNELL, RESPONDENT, *v.* THE CITY OF BUFFALO, APPELLANT.

*Action to vacate an assessment brought on behalf of plaintiff and all others similarly situated — form of judgment where no other persons apply to be made parties plaintiff.*

In an action brought to restrain a municipal corporation from enforcing payment of an assessment, in which the complaint is made on behalf of the plaintiff, named therein, and all others who may contribute towards the expenses of the action, but to which no person other than the original plaintiff has been made a party plaintiff, a judgment is improperly entered which adjudges the assessments, other than the plaintiff's, against the several parcels of land owned by parties who may thereafter come into court and have the judgment declared to be for their benefit to be null and void, and gives a perpetual injunction restraining the municipal corporation from enforcing such assessments.

APPEAL by the defendant from a judgment, entered in the office of the clerk of the county of Erie on the 27th day of November, 1888, in favor of the plaintiff, upon the report of a referee, which judgment provided as follows:

"It is adjudged that the assessment-roll mentioned and described in the plaintiff's complaint in this action as assessment-roll No. 4500, is, and the same hereby is declared to be null and void, and the assessments made thereby upon and against the several parcels of land therein mentioned and described are and shall be no lien or incumbrance upon or against any of said lands or premises described in said roll as aforesaid, and that the said assessment-roll No. 4500 be and the same hereby is vacated, annulled and set aside.

"And it is further adjudged that the said defendant, the city of Buffalo, its agents, officers and servants, are hereby perpetually enjoined and restrained from in any way proceeding to enforce the collection of the assessments made and levied by said assessment-roll No. 4500, either personally against the plaintiff, or against any other of the persons whose lands are described therein, or against the lands of the plaintiff, or of any of such persons which are mentioned and described in said assessment-roll No. 4500.

"And it is further adjudged that all such other persons whose lands have been subjected to the lien of said assessment, and who have contributed, or who will hereafter contribute, towards defraying the expenses of this action, and who are represented by the plaintiff herein, are and shall be at liberty hereafter to come in upon their application to this court in this action, and thereupon have this judgment declared to be for their benefit in adjudging the said assessments against their respective parcels of land null and void, and no lien or incumbrance upon or against the same, and perpetually enjoining the defendant, its officers and agents, from enforcing the collection of said assessments against them, or against their said respective lands and premises.

"And it is further adjudged that the said plaintiff, Louis Knell, do recover the sum of seven hundred and four dollars and one cent ($704.01) from the defendant, the city of Buffalo, as and for the costs and disbursements of plaintiff in this action, and that plaintiff have execution therefor."

The action was brought in behalf of the plaintiff, who was assessed for the expense of repaving Broadway in the city of Buffalo, and of all others similarly situated who might come in and bear their proportionate share of the expense of the action, for the purpose of having declared null and void and restraining the collection of assessment-roll No. 4500 for repaving Broadway in the city of Buffalo, between Ellicott and Spring streets, with asphalt pavement. The whole amount of the assessment was $77,404.80, all of which had been paid by the persons liable therefor, except the sum of $6,329.31. The plaintiff's assessment was $734.78, of which he had paid the sum of $432.82, leaving still unpaid by him $301.96.

*O. C. De Witt*, for the respondent.

*Frank C. Laughlin*, for the appellant.

MACOMBER, J. :

The judgment, among other things, permits all persons not parties to the action whose lands have been subjected to the lien of the assessment above mentioned, and who have contributed and who may thereafter contribute towards defraying the expense of the action, and who are represented by the plaintiff herein, to come in, on their application, and have the judgment entered herein declared for their benefit, and adjudges the assessments against their respective parcels of land to be null and void and gives a perpetual injunction restraining the defendant from enforcing the same or any part thereof against them or either of them.

No person, so far as the record discloses, intervened and made himself a party to this suit in pursuance of the allegation contained in the complaint that the action was brought for the benefit of all parties similarly situated. It was not, therefore, competent for the referee to direct a judgment in favor of other persons than the plaintiff who were not made parties to the action. It is quite clear that if the plaintiff had failed in this action, neither one of these several persons owning lands upon Broadway would be concluded by the judgment entered herein. The defendant cannot be deemed to be concluded by a judgment to which the decision of the referee says the plaintiff is entitled, as to any of these persons, because the rights of each of them may turn upon facts peculiar to each par-

ticular case, and not upon any general or supposed pervading defect in the proceedings for the pavement of this street. It follows, therefore, that the judgment should be modified by eliminating therefrom all provisions for the benefit of persons who were not originally or who did not subsequently become parties to the action before the decision of the referee.

The referee has found that the assessment of this public improvement is invalid upon various grounds, which may be stated briefly. The principal reason why, in his judgment, the assessment is regarded as void is, that the assessors, as is alleged, acted upon and reported a petition for the improvement in question before the mayor approved of the action of the common council in referring the petition to them to determine the fact whether it had been signed by the necessary taxpayers. It is clearly established, and so found by the referee, that a sufficient majority petition for this improvement was presented to the common council on the 26th day of May, 1884, and by that body referred to the assessors. On the ninth day of June, two weeks thereafter, the assessors returned the petition to the common council with their certificate annexed in all respects as required by the charter of the city of Buffalo (§ 9, tit. 9, chap. 519 of 1870). It appears, however, that the mayor did not approve at that time, personally, the action of the common council. He has further found that the resolutions or proceedings were never legally presented to the mayor. In respect to this last finding of fact the learned referee appears to be in error. The mayor, it seems, had a clerk by the name of Robbins, who was generally at the mayor's office ready to receive any communication or paper designed for the mayor's signature. He received these proceedings of the common council at the time mentioned while in the mayor's office, and while acting as his legally constituted clerk. It does not appear that the mayor's attention was called particularly to this action of the common council, or that he was requested to approve or disapprove the same, but there is a provision of the charter of the city by which such proceedings are deemed to be approved by the mayor unless, within a period of ten days, he returns the same without his approval. (Charter of the City, tit. 2, § 25.) The decision of the referee is placed upon the narrow ground that the proceedings of the common council had not been legally presented to the mayor, and that the

presentation made at his office, and the same being handed to the clerk was not sufficient. In this conclusion we cannot concur. There appears to have been no attempt made to conceal the proceedings from the mayor. On the contrary, a subsequent attempted approval of the same shows that it was his purpose from the beginning to concur in this action of the common council. We are constrained, therefore, to differ from the learned referee upon the main matter upon which his judgment rests.

The referee has further found that the necessary plans and specifications for the proposed improvement were not prepared and placed on file when the engineer advertised for proposals. In this, too, in our judgment, he was in error under the well-established facts of the case. The proper plans had been prepared and were on file at the time of advertising for proposals. There seems to have been no motive for · the engineer to have advertised for proposals before the specifications were completed and filed, and this finding of the referee is against the strong probabilities of the case and against much of the testimony.

So, also, with his conclusion that the bid or proposal to do the work as received and acted upon was not sealed. No other proposal was submitted than the one for the Barber asphalt pavement. It is abundantly established that the engineer, when he received the envelope, had no previous knowledge of its contents, and that the envelope at that time was actually sealed. Under these circumstances, nobody could be injured, even if the proposed bid had not been sealed, but, as intimated above, the preponderance of evidence shows that the same was regularly enclosed in an envelope and sealed,

Further opposition to the legality of this assessment and the proceedings thereunder consists in the assertion that the contract of laying was prematurely entered into, and before the formal steps required by the charter had been fully complied with. Even if this be so, the contract was ratified and validated by the subsequent proceedings and by the mayor's abstention from vetoing the resolution but approving the same. It is true, that in all matters of substance in carrying out local improvements, the statutory authority therefor must be strictly pursued, and any substantial departure therefrom vitiates the proceedings under it. (Merritt v. Village of Portchester, 71 N. Y., 309.) But a mere clerical or accidental

departure therefrom, as in this instance, being mere irregularities which the parties fail to avail themselves of at the time, are not matters of substance, and afford no reason for the court's interference in enforcing the payment of the expenses of such improvements, when it is clearly to be seen, as in this case, that the substance of the provisions of the statute had been observed, and that the municipal authorities had acquired full and complete jurisdiction in the premises.

The approval of the resolution made by the clerk Robbins, in the name of the mayor, was, of course, a mere nullity. (*Lyth* v. *City of Buffalo*, 48 Hun, 175.) The resolution became operative by lapse of time and by the subsequent approval thereof by the mayor, before any objection was made to the proceedings for the pavement of this street.

Under these circumstances, we think that the proceedings of the common council for the pavement of Broadway in the city of Buffalo were legal, and that, consequently, the judgment entered upon the report of the referee should be reversed and a new trial be had before another referee, with costs to the appellant to abide the final award of costs.

BARKER, P. J., and DWIGHT, J., concurred.

Judgment reversed and new trial granted before another referee, with costs to appellant to abide the final award of costs.