### MacARDELL v. OLCOTT et al.

### Appeal of SILLCOCKS.

(Supreme Court, Appellate Division, First Department. June 7, 1901.)

1. PARTIES—STOCKHOLDERS—JOINDER—FEDERAL COURT—FORMER ACTION—DISMISSAL—BAR.

The dismissal of a suit in the United States circuit court by the plaintiffs on the same cause of action did not bar others similarly interested from obtaining relief in the action in the state court, in the absence of proof that the dismissal was on the merits.

2. SAME—STATUTE OF LIMITATIONS—ESTOPPEL.

Code Civ. Proc. § 448, authorizes one person to sue on behalf of himself and others similarly situated where their interest is common; and section 452 provides that where a person not a party to the action is interested in the subject thereof, or in real property, the title to which may in any manner be affected by the judgment, makes application to be made a party, the court must direct him to be brought in by proper amendment. A suit was instituted by certain stockholders of a corporation, on behalf of themselves and others similarly situated, to set aside the foreclosure of a mortgage on the corporate property, as fraudulent, and was continued on the calendar for 10 years without being brought to trial. *Held*, that stockholders who had acquiesced in plaintiffs' conduct of the suit until after their right to maintain an independent action was barred by the statute of limitations were not entitled to be joined as plaintiffs, though they might have the right to share in plaintiffs' recovery in case they obtained judgment.

Appeal from special term, New York county.

Action by Cornelius MacArdell, on behalf of himself and others, against Frederic P. Olcott and others. From an order denying a motion by Henry Sillcocks for leave to be joined as a party plaintiff, he appeals. Affirmed.

Argued before HATCH, McLAUGHLIN, PATTERSON, and LAUGHLIN, JJ.

H. Snowden Marshall, for appellant.

R. H. Landale, for plaintiff.

Maxwell Evarts, for the executors of C. P. Huntington, deceased.

Arthur H. Van Brunt, for respondent Olcott and others.

LAUGHLIN, J. This action was commenced on the 20th day of August, 1891, by Cornelius MacArdell, a stockholder of the Houston & Texas Central Railway Company, in behalf of himself and all other stockholders of said company similarly situated who might come in and contribute to the expense thereof. The purpose of the action, briefly stated, is to obtain a decree that large tracts of land in the state of Texas purchased by defendants Olcott and Downs, respectively, on the foreclosure of mortgages executed by said railway company, be deemed held by them in trust for said company, and that they be compelled to account therefor; that said defendants and the three trust companies, also defendants, and the Houston & Texas Central Railroad Company, and the Southern Pacific Company account for their transactions concerning these lands since such purchase, and convey the lands to said Houston & Texas Central Com-

pany; that a receiver be appointed pendente lite, and that an injunction issue to prevent defendants from further incumbering said lands; that three several trust deeds, each dated April 1, 1900, between defendant Olcott and the Southern Pacific Company and each of the trust companies, respectively, given to secure three several issues of bonds by the Houston & Texas Central Railroad Company, the reorganization company after the foreclosure, be declared illegal and void and a cloud on the title of the Houston & Texas Railway Company, free from the lien of said bonds. The payment of the three issues of bonds was guarantied by the Southern Pacific Company. The basis of the action is an alleged conspiracy between the officers and principal stockholders of the Houston & Texas Central Railway Company, Olcott, Downs, and others, by which, through collusion, the decree in foreclosure was unnecessarily and illegally consented to for the purpose of injuring the plaintiff and other stockholders. The petitioner and appellant owns 900 shares of stock of the Houston & Texas Central Railway Company, of the par value of $100 each. He and other stockholders of said last-named company on the 23d day of December, 1889, filed a bill in equity in the United States court in Texas wherein the decree of foreclosure was granted, to have the same vacated on account of the conspiracy which is the basis of this action, and prayed that they might be permitted to come in and defend said foreclosure suit, and for other relief.

An affidavit was read in opposition to this motion, showing that the complaint (a copy of which was annexed) in the suit in the United States court was dismissed, and that on appeal to the circuit court of appeals the dismissal was affirmed, and a further appeal to the United States supreme court was dismissed on November 13, 1893. Carey v. Railroad Co., 150 U. S. 170, 14 Sup. Ct. 63, 37 L. Ed. 1041. The respondents contend that the former suit in equity in the United States court is a bar to petitioner's obtaining any relief in this action. This position is untenable. The suit is not now pending, and it does not appear that it was decided upon the merits.

The statute of limitations is also interposed as a bar to petitioner's being admitted as a party plaintiff to this action. It clearly appears from the petitioner's bill in equity in the United States court that he was familiar with all the material facts upon which it is sought to obtain relief in this action more than 10 years before applying to be made a party plaintiff herein. Before he made such application this action had been pending for nearly 10 years, without having been brought to trial. No explanation has been offered as to why the application was thus delayed, nor is any fact stated or suggested indicating any change in the attitude of the plaintiff with reference to the conduct of this action which renders it essential that petitioner be admitted to protect his rights. Section 448 of the Code of Civil Procedure, which authorizes one person to sue on behalf of himself and others similarly situated, where they are interested in common, is a re-enactment of section 119 of the Code of Procedure, and in substantially the same language. Under the Code of Procedure it was held and declared to be the rule in equity that parties for whom the

action was brought, but who were not named as plaintiffs, obtained no vested right until the entry of an interlocutory judgment, where-upon, by an order of the court, they were required to come in and prove their claims, and in default thereof, in the absence of fraud, they were forever barred from participating in the fund sought to be reached by the judgment. Until interlocutory judgment, the par-ties named as plaintiffs had exclusive control of the suit, and might settle or discontinue same at will; and the defendant might, upon adjusting the plaintiffs' claims and paying their costs, have the complaint dismissed. The reason for this rule was that until entry of judgment each party was at liberty to bring an individual suit, but that, upon the rendition of judgment in one, it inured to the benefit of all, and the prosecution of all other suits would then be stayed. Mattison v. Demarest, 1 Rob. 717; Derby v. Yale, 13 Hun, 273; Kerr v. Blodgett, 48 N. Y. 62; Travis v. Myers, 67 N. Y. 542. Section 452 of the Code of Civil Procedure, providing that "where a person, not a party to the action, is interested in the subject thereof, or in real property, the title to which may in any manner be affected by the judgment, or in real property for injury to which the com-plaint demands relief, and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment," is partly new, and partly a re-enactment of the sec-ond sentence of section 122 of the Code of Procedure, which pro-vided for making a person interested in an action for the recovery of real or personal property a party, on his application. Since the enactment of the Code of Civil Procedure, it has been stated to be the law, without the question having been directly involved, that, in a representative suit like this, a party, having an interest in com-mon with the plaintiff, who is willing to contribute to the expense of the litigation, is entitled, upon application duly made, to be per-mitted to join with the plaintiff. Brinckerhoff v. Bostwick, 99 N. Y. 194, 1 N. E. 663; Hirshfeld v. Fitzgerald, 157 N. Y. 166, 51 N. E. 997. It was also held in the Brinckerhoff Case, supra, that the bringing of the action in time stops the running of the statute of limitations against the parties who are not named as plaintiffs, but who are affected in common with plaintiff, and for whose benefit the action is brought. But admitting, without deciding the ques-tion, that, if this suit be prosecuted to judgment by the plaintiff, the petitioner will be entitled to share in the recovery, it by no means follows that he has an absolute right to be admitted as a party plaintiff after acquiescing in the conduct of the litigation by the plaintiff who brought it for nearly 10 years, until the statute of limitations had run against his bringing an independent action for the same relief. If, in an action brought in this form under sec-tion 448 of the Code of Civil Procedure, an interested party has an absolute right to come in and be joined as a party plaintiff, we may with propriety limit such right to his making an application while his claim is valid and enforceable by an independent suit. If the contention of appellant were to prevail, he would have the same right to be admitted as a party plaintiff to this action 50 years

hence, if it were then pending. The Code provisions should not be so construed as to establish that doctrine.

The order should be affirmed, with $10 costs and disbursements to each respondent appearing separately.

McLAUGHLIN and HATCH, JJ., concur; PATTERSON, J., in result.