(155 App. Div. 97.)

### DAVIDS et al. v. BAUER.

(Supreme Court, Appellate Division, First Department. February 7, 1913.)

1. CORPORATIONS (§ 351*)—REPRESENTATIVE ACTION BY CREDITOR—LIABILITIES.

A creditor of a corporation, who sues on his own behalf and on behalf of all other creditors similarly situated who come in and contribute to the expense of the action to enforce the personal liability of directors, is not a trustee for the other creditors not coming in, and he assumes to prosecute on behalf of the other creditors only so far as his personal interests require.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1492, 1493; Dec. Dig. § 351.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. CORPORATIONS (§ 566*)—REPRESENTATIVE ACTION BY CREDITOR—LIABILI-
   TIES.
        Where an action by a creditor of a corporation, suing on his own behalf
   and on behalf of other creditors similarly situated to enforce liability of the
   directors, was discontinued before any of the other creditors came into
   the case, any payment made by the directors to the creditor was volun-
   tary, and not pursuant to any judicial determination, and the other
   creditors could not share therein.
        [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2283–2286;
   Dec. Dig. § 566.*]

3. CORPORATIONS (§ 566*)—REPRESENTATIVE ACTION BY CREDITOR—LIABILI-
   TIES.
        A defendant, in an action by a creditor of a corporation, suing on his
   own behalf and on behalf of other creditors similarly situated who should
   come in and contribute to the expense of the action, to enforce the per-
   sonal liability of directors, who failed to protect his rights by proper
   answer, and who failed to take any steps to protect his rights until the
   expiration of about 14 years, could not share in any payment made by
   directors to the creditor, who dismissed the action before any other cred-
   itor came in.
        [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2283–2286;
   Dec. Dig. § 566.*]

Appeal from Special Term, New York County.

Action by Louisa A. Davids and another, executors of Durias
Seacord, deceased, against Louis Bauer. From an interlocutory
judgment, overruling demurrers to six of seven separate and fur-
ther defenses, plaintiffs appeal. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN,
CLARKE, SCOTT, and DOWLING, JJ.

Barclay E. V. McCarty, of New York City, for appellants.
John Gerdes, of New York City, for respondent.

DOWLING, J. While the present appeal is taken from an in-
terlocutory judgment overruling a demurrer to certain separate
defenses contained in the answer of the defendant, the real ques-
tion involved is the sufficiency of the amended complaint herein.
From an examination thereof the following facts appear:

The American Loan & Trust Company, a domestic corporation,
was dissolved by a judgment of the Supreme Court on May 1, 1891,
in an action brought in the county of New York, wherein the peo-
ple of the state of New York were plaintiffs and said company was
defendant. Under its charter every director of the company was
personally liable for debts incurred by the corporation during his
administration to an amount not exceeding $5,000. At the time of
its dissolution said company had 19 directors. At that time it was
indebted to the defendant herein in the sum of $10,254.32, to Durias
Seacord in the sum of $21,966.31, and to other persons in amounts
aggregating $456,643.54. On March 16, 1892, Louis Bauer, the de-
fendant herein, commenced an action, suing on his own behalf as
creditor of said company and "on behalf of all other creditors simi-
larly situated who shall come in and contribute to the expense of
this action"; the defendants therein being John L. Macaulay and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the other directors of the company, and the prayer for relief being that an accounting might be had of the creditors of the company and of the amounts due them respectively, and of the amounts due by the directors, and that an adjudication be made as to the liability of the directors, and for the payment by them to the plaintiff and to the other creditors of such sums as might be found due. On August 1, 1894, Bauer received from Payson Merrill, one of the defendants in said action, the sum of $1,500, in compromise of his liability, and consented to the entry of an order discontinuing the action as to said Merrill. This sum Bauer retained for his own use and has never accounted therefor. It is further alleged that Bauer negligently failed to obtain jurisdiction over three defendant directors, Blair, Anderson, and Aldige, and that, despite the decision of the Appellate Division, First Department, in April, 1903, holding that said three directors were necessary parties to the action, Bauer failed to obtain jurisdiction as to them.

Durias Seacord, on December 23, 1893, on the application of Bauer, by an order of the Supreme Court, New York county, was brought in as a party defendant in Bauer's action against the directors, and a supplementary summons and complaint were directed to be issued as against him. At the same time and by the same order Seacord was enjoined, during the pendency and proper prosecution of the Bauer action, from prosecuting four certain actions in the Court of Common Pleas, where Seacord, as plaintiff, sought to recover $5,000 each from Kimmey, Macaulay, Parsons, and Hart, directors of the company. It does not appear from the complaint that Seacord ever answered in Bauer's action, or in any way sought to establish his rights therein. On November 24, 1896, Seacord died, leaving a last will and testament, whereof the plaintiffs were the executors. On January 13, 1899, an interlocutory judgment was entered in the Bauer suit, whereby 12 of the directors were directed to pay into court specified amounts, which as to 11 of them amounted to $5,000, and as to the twelfth $3,426.28, or so much thereof as might be required to pay the claims of Bauer and the other creditors of the Trust Company, and the costs of the action. On April 24, 1903, said interlocutory judgment was reversed, and a new trial ordered by the Appellate Division of the Supreme Court, upon the ground that Bauer had failed to bring in certain necessary parties, to wit, Blair, Anderson, and Aldige, 3 of the directors, as well as the receiver of the company, and upon the further ground that, in discontinuing the action as against one director, a defect of parties defendant had been created, which was fatal to the judgment. Bauer v. Parker, 82 App. Div. 289, 81 N. Y. Supp. 995. Meantime, and before the death of Seacord, he had appealed from the injunction order against him restraining the prosecution of his own actions, and that order had been affirmed by the General Term.

After the decision by the Appellate Division before referred to, Bauer, it is alleged, still refused to obtain jurisdiction over the five persons whom this court had indicated as necessary parties defend-

ant, and as a result thereof the complaint in Bauer's suit was dismissed as against Henrietta Parker, as executrix of John L. Macaulay, by an order entered January 7, 1907. Judgment dismissing the complaint having been duly entered upon the order of dismissal, the judgment was duly affirmed by the Appellate Division of the Supreme Court, First Department, and by the Court of Appeals. Shortly after the dismissal of the Bauer action as against the executrix of Macaulay, various other defendants moved to dismiss the complaint as against them, and at about the same time various creditors moved to be brought in as parties plaintiff in the Bauer suit, that they might prosecute the same. During the month of April, 1907, all these motions came up for hearing in the Special Term of the Supreme Court. The motions to dismiss the complaint were denied, without prejudice to their renewal if Bauer delayed in the prompt trial of the action, and the motions by the creditors to be made parties plaintiff with Bauer in his action were also denied. The plaintiffs in the present action also moved for an order making them parties plaintiff in the Bauer action, which motion was denied by order dated October 24, 1907. This, therefore, left the Bauer action in this situation: That it had been dismissed as to one of the parties defendant only, and that the creditors who sought to be brought in as parties plaintiff with Bauer had been denied permission so to do. Reference to the decision of Mr. Justice Bischoff upon the motion of the creditors shows that the latter was based upon the moving parties' dissatisfaction with the plaintiff's (Bauer's) conduct of the litigation, and upon the expressed fear that the rights of the parties would be lost through neglect. But, as his opinion states:

"The action has proceeded for 15 years with the apparent consent of all the creditors, and to permit parties now to come in for the purpose of continuing the action free from any charge of neglect on the plaintiff's part would be to authorize the possibility of successive delays, which could postpone the action indefinitely. The rule stated in the case cited (MacArdell v. Olcott, 62 App. Div. 127, 70 N. Y. Supp. 930) confines the right to intervene to a period within the statutory limitations for the commencement of an action, and, following this rule, I must deny the motion."

It is further alleged in the complaint that thereafter Bauer failed to bring the action on for trial, and finally, in June, 1908, received the sum of $2,000 from the executor of Baldwin, one of the directors, and that the same, or larger amounts, were paid by each of the said director defendants as further consideration for the discontinuance of the action, as a result of which Bauer has received sums of money "far in excess of any share therein which the said Louis Bauer was entitled to receive, and which aggregated more than the amount of the said Louis Bauer's claim against the said American Loan & Trust Company," and that Bauer has retained same to his own use, and has failed to account to the plaintiffs therefor. The Bauer action was finally discontinued on consent.

[1] The present cause of action is based upon the theory that Bauer was a trustee for Seacord and for all the other creditors of the company, and that they are entitled to share in proportion to the amounts

of their claims in the sums received by him after the dismissal of his action. We do not believe that this contention can be sustained. In Hirshfeld v. Fitzgerald, 157 N. Y. 180, 51 N. E. 1000 (46 L. R. A. 839) the court, speaking through Judge Haight, said:

"Does the plaintiff, in bringing a representative action, become a trustee for the other creditors? We think not, at least to such an extent as to require him to carry on the litigation for their interests in opposition to his own, or after he has settled his claim. It is true that the capital stock of a corporation is a trust fund for the security of the creditors, and the amount recoverable from the stockholders under the statute in addition to the capital stock may be treated as a like security; but, as we have shown, the creditor is not permitted to bring an action in his own behalf alone for a contribution by the stockholders, for in that way he would obtain a preference for himself. He must bring the action for himself, and on behalf, not of all the creditors, but on behalf of those who choose to come in and share the benefits and expenses of the litigation. His relation with the other creditors is one that the law creates. He assumes to prosecute on their behalf only in so far as his personal interests require. He makes no agreement with them, and they do not accept him as a trustee to represent them or bind them by his action. They have the right to come in at any time, and as soon as they do they may take part in the management of the action. True, it was not necessary for them to come in and be made parties prior to the entering of an interlocutory judgment. When such an action is entered, it is effectual for all of the creditors, for the court then gives them an opportunity to come in, prove their claims, and share in the recovery. If, however, they neglect to come in and be made parties at such time, they will be barred and not permitted to share in the distribution of the fund. Hallett v. Hallett, 2 Paige, 19; Kerr v. Blodgett, 48 N. Y. 66; Brinckerhoff v. Bostwick, 99 N. Y. 194 [1 N. E. 663]."

[2] Applying these principles to the case at bar, we find that when the interlocutory judgment in the Bauer action was entered, the plaintiffs took no steps to come in, prove their claims, and share in the recovery. Not having done so, they would have been barred, and not permitted to share in the distribution of the fund, had there been any. Thereafter the judgment was reversed, but no subsequent interlocutory judgment ever was entered; but, on the contrary, the plaintiff's complaint having been dismissed as to one defendant, that dismissal was affirmed on appeal, and the action was finally discontinued as to others. Whatever payment may have been made by the defendant directors was, therefore, a voluntary payment to Bauer, and not made pursuant to any judicial determination, and was not one in which the plaintiffs were entitled to share. Bauer would only have become a trustee for the other creditors of the company when they had signified their willingness to share in the expenses of the action and had come in to establish their claims upon the entry of the judgment.

[3] Moreover, the plaintiff's testator was a party defendant in the action brought by Bauer, having been brought in upon the latter's motion when the prosecution of the actions brought in the Common Pleas Court in Seacord's individual right had been enjoined, and it was as competent for Seacord to protect his rights by the interposition of a proper answer as a defendant as it would have been for him to have asserted those rights if joined as a party plaintiff, as he sought to have done some 14 years later. The injunction which restrained the prosecution of Seacord's individual actions by its terms ceased to be oper-

ative when the Bauer action was finally dismissed. Whatever loss the plaintiffs may have sustained has been due to their failure to assert their rights within a reasonable time, and they have no cause to complain if, having had their day in court, they have failed to avail themselves thereof. Our conclusion is that, under the facts in this case, Bauer sustained no trust relationship towards the plaintiffs or their testator; and, as the theory of the plaintiff's complaint is based entirely upon the existence of that relationship, no cause of action is stated therein.

The judgment appealed from will therefore be affirmed, with costs. All concur.