STATE ex rel. LIGHT & POWER COMPANY v. V. N. RODERICK and Another.[1]

March 19, 1915.

Nos. 18,801—(77).

**City ordinance — second delivery to mayor — time of veto.**
    1. An ordinance duly enacted by a municipal council was by the city clerk formally presented to the mayor for his approval or disapproval; subsequently, on the same day, the mayor requested the clerk to withdraw such presentation and to make a redelivery thereof to the mayor on the next following day; this the clerk agreed to and he "took back" the ordinance and caused a redelivery thereof to the mayor on the following day. It is *held*, that the time within which the mayor might veto the ordinance commenced to run on

1 Reported in 151 N. W. 904.

the first presentation of the ordinance; and since such presentation was in fact made, and the official duty of the clerk was completely performed, the effect thereof could not be destroyed by an agreement with the mayor to make another presentation at some later time.

**Veto invalid.**

2. The disapproval of the mayor not having been made within the time prescribed was ineffectual, and the ordinance became a valid enactment, and the respondent was properly required by the judgment to publish the same.

Upon the relation of Light & Power Co. the district court for Crow Wing county granted an alternative writ of *mandamus* directed to V. N. Roderick, as city clerk of the city of Brainerd, requiring him to correct the notation upon Ordinance No. 259 as to the time that ordinance was presented to the mayor of the city, and to cause the ordinance to be published as required by law or to show cause why he had not done so. R. A. Henning, mayor of the city, filed a petition that he be allowed to intervene as a party respondent and to file his answer to the writ. The relator demurred separately to the answers. The matter was heard before Stanton, J., who sustained the demurrers and ordered a peremptory writ to issue. From the judgment entered pursuant to the order for judgment, respondents appealed. Affirmed.

*D. A. Haggard,* former City Attorney, and *W. H. Crowell,* City Attorney, for appellants.

*M. E. Ryan,* for respondent.

BROWN, C. J.

The city council of the city of Brainerd duly enacted an ordinance, designated as ordinance No. 259, and the city clerk presented the same to the mayor for his approval or disapproval. The mayor subsequently disapproved the ordinance and returned the same to the clerk with his reasons therefor. The city charter provides for the publication of all ordinances enacted by the council and until so published they are without effect, the publication being made a condition to their going into operation. The clerk, by reason of the mayor's disapproval, refused to publish the ordinance and this

proceeding in *mandamus* was brought to compel him to do so. Relator had judgment in the court below, and respondents appealed.

The only question presented is whether the mayor vetoed the ordinance within the time provided for by the city charter. The facts are all presented by the answer interposed by defendant to the alternative writ, and are as follows: The ordinance was duly passed and enacted by the city council at a session thereof on the evening of February 2, 1914. Soon after such passage the city clerk indorsed thereon: "Delivered to his Honor, the Mayor, February 2nd, 1914, at eleven o'clock p. m.," and after signing such indorsement officially, personally presented the ordinance, so indorsed, to the mayor. Shortly thereafter the mayor returned the ordinance to the clerk with the request that he, the clerk, withdraw the delivery and presentation so made, and redeliver the same on the following day, giving as a reason for the request that the city attorney would be out of the city during the next few days, a consultation with whom was desired by the mayor before exercising his right of veto. The clerk "took back" the ordinance, and caused the same to be redelivered to the mayor the next day, or February 3, the delivery being made by the chief of police. The indorsement on the back of the ordinance was changed from the second to the third of February. The veto was not filed with the clerk within the time prescribed by the charter from the second of February on which day the ordinance was first formally presented to the mayor, but was filed within the proper time treating February 3 as the date of presentation. We think, and so hold, that the presentation of the ordinance on the second of February set in motion the time within which the mayor might veto the ordinance, and that the presentation so made, about which there is no controversy, could not legally be withdrawn in the manner or for the purpose stated by the mayor. In other words, the ordinance was in fact presented to the mayor on February 2, and the effect thereof could not be obviated by the agreement between the mayor and the city clerk that it should be withdrawn and presented at a later date. The presentation made on the second was an accomplished fact, a full discharge of the clerk's duty, and could not be undone for the purpose of extending

the time within which the mayor might exercise his right. of veto. There are few authorities bearing directly upon the question, but the general mandatory principles of the law controlling the enactment of ordinances by municipal corporations, and the veto power of the chief executive thereof, will not sustain a proceeding of this kind. 28 Cyc. 357; 2 Dillon, Mun. Corp. § 578; Knell v. Buffalo, 54 Hun, 80, 7 N. Y. Supp. 233; Kittinger v. Traction Co. 160 N. Y. 377, 54 N. E. 1081. The case of State v. Michel, 52 La. Ann. 936, 27 South. 565, 49 L.R.A. 218, 78 Am. St. 364, fully sustains the conclusion stated. It follows that since the disapproval of the mayor was not made within the time prescribed therefor by the city charter the ordinance became a valid enactment, and respondent was properly commanded by the judgment to publish the same as provided for by the city charter.

Judgment affirmed.