(No. 5056. March 26, 1929.)

FRANK W. BROWN, Respondent, v. TWIN FALLS CANAL COMPANY, a Corporation, Appellant.

[276 Pac. 305.]

James R. Bothwell, for Appellant.

Harry Benoit, for Respondent.

GIVENS, J.—Respondent sued "on behalf of himself as well as of all others similarly situated who shall come in and contribute to the expenses of this action" to have declared void and released a claim of lien filed by appellants upon the individual lands of some 157 tracts and against approximately 257 owners and persons, including respondent, independently and severally interested in said respective tracts. At the time of the answer and before trial, the claim of lien on the respondent's lands was released.

No parties, other than respondent, joined or were brought in as parties plaintiff. The trial court entered a decree

holding the claim of lien and the "whole thereof" void, and set aside, vacated and canceled it.

The appellant relies for reversal on various grounds, among others, the right of the respondent to bring the action as representative of all the others against whom the claim of lien was filed. By the complaint, respondent limited his representation to those who should come in and contribute. None did, so respondent represents no one but himself.

In *Atkins v. Trowbridge,* 162 App. Div. 629, 148 N. Y. Supp. 181, plaintiffs undertook to sue on behalf of themselves and others similarly situated who should come in and contribute to the expenses of the action. The court said:

"Up to the time of the entry of the judgment from which this appeal is taken, no one 'similarly situated' had come in and applied to be made a party, the action being confined, so far as concerns the plaintiffs, to the original plaintiffs or the personal representatives of those who had died. . . . .

"In such a case, whether the action be deemed to be one in law or equity, while it may be permissible for one or more to sue in the first instance in behalf of all similarly situated, we are of opinion that judgment can properly be rendered only in favor of those who originally sued, or of those who after commencement of the action and before judgment have caused themselves to be joined as plaintiffs. (*Knell v. City of Buffalo,* 54 Hun, 80, 7 N. Y. Supp. 233.) Within what time and under what conditions one not originally a plaintiff may be permitted to become a party depends upon the circumstances existing when the application is made. (*Mac-Ardell v. Olcott,* 62 App. Div. 127, 70 N. Y. Supp. 930.) We are therefore of the opinion that it was erroneous to direct a verdict for any greater sum than the damages shown to have been suffered by those who were, at the time of the trial, parties plaintiff."

The only decree that could have been entered was one in favor of the respondent since the claim of lien against him having been released, no lien existed against his property.

This disposition of the cause renders it unnecessary to consider other questions raised.

The decree is reversed, with instructions to enter a decree in favor of respondent only, in accordance herewith.

Costs awarded to appellant.

Budge, C. J., and Wm. E. Lee, J., concur.

Petition for rehearing denied.