WOOD et al. v. FAGAN et al.

(Supreme Court, Appellate Division, Third Department. May 22, 1908.)

1. WILLS—SETTING ASIDE PROBATE—COMPLAINT—SUFFICIENCY.
    A complaint in an action to determine the invalidity of the probate of a will, brought by testatrix's husband and sister against a sister, nephews, and niece of testatrix, which contained no allegation that the parties other than the husband were the only next of kin and heirs at law, or that testatrix died seised of any real or personal estate, is insufficient, as showing no interest of plaintiffs in the estate.

2. SAME—PARTIES—PLAINTIFF—PERSONS WHO MAY SUE.
    A husband, interested in the personal property of testatrix, and her sister, an ·heir at law in her real estate, may sue to determine the invalidity of the will, under Code Civ. Proc. § 2653a, providing that any person interested as heir at law, next of kin, or otherwise in any estate,

any portion of which is disposed of or affected by a will or codicil admitted to probate, may cause the validity or invalidity of the will or codicil to be determined.

**3. SAME—JOINDER—COMMON INTEREST.**

The husband and testatrix's sister, though they have not a common or joint interest in the estate, have a common interest in having the will declared invalid, and hence are properly joined as parties plaintiff, both under the rules of equity practice and under Code Civ. Proc. § 446, providing that all persons having an interest in the subject-matter of an action and in obtaining the judgment demanded may be joined as plaintiffs, except as otherwise expressly prescribed in the act.

**4. SAME—SCOPE OF INQUIRY.**

Under the express provisions of Code Civ. Proc. § 2653a, providing an action for the determination of the validity of the probate of a will, the only questions that can be tried thereunder are as to the validity or invalidity of the will and of the probate thereof.

Appeal from Special Term, Clinton County.

Action by John H. Wood, an infant, by William H. Eason, guardian ad litem, and another, against Nelson G. Fagan and others. Judgment of dismissal on the merits, and plaintiffs appeal. Reversed, and judgment directed sustaining demurrer to the complaint, with leave to plaintiffs to amend.

Plaintiffs, John H. Wood and Lizzie M. Eason, appeal from an order that the defendants have final judgment in their favor sustaining the demurrer to the amended complaint and dismissing said complaint on the merits, made at the Clinton Special Term, and entered in the Washington county clerk's office on the 19th day of October, 1907, and from a final judgment dismissing the complaint on the merits, with costs, entered thereon in the office of the clerk of said county on the 12th day of November, 1907.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

John Scanlon, for appellants.
O. A. Dennis, for respondents.

CHESTER, J. The action is for the purpose of determining the invalidity of the probate of the will and codicil of Amelia Griffin Wood. It was commenced by the husband of such testatrix and by one of her sisters as plaintiffs. In the complaint it is alleged that Amelia Griffin Wood died on the 27th day of July, 1905, leaving papers purporting to be her last will and codicil, and leaving surviving her husband, John H. Wood, and her sister, Lizzie M. Eason, the plaintiffs, and the defendants Lillian May Fagan, her sister, Nelson Fagan and Robert G. Fagan, her nephews, and May C. Fagan, her niece. The complaint contains no allegation that the said parties, plaintiffs and defendants, other than the husband, are the only next of kin and heirs at law of the testatrix. Nor is there any allegation that she died seised of any real or personal estate. The defendants demurred to the complaint for misjoinder of parties plaintiff, on the ground that the husband, John H. Wood, is not shown to have a cause of action jointly with the sister Lizzie M. Eason, or to have any common interest with her in the subject of the action, because the plaintiffs have no legal

capacity to sue, and because the complaint does not state facts suffi-
cient to constitute a cause of action. The demurrer was sustained on
all these grounds at Special Term, and final judgment was entered
dismissing the complaint on the merits, and the plaintiffs appeal.

We think the demurrer was properly sustained, because of the in-
sufficiency of the complaint, but not because of the other grounds
assigned. There is no force in the contention that the plaintiffs have
no legal capacity to sue. It is true that they have failed to show any
interest in the estate, as heirs at law, or next of kin, or otherwise; but
that goes to the sufficiency of the complaint, rather than to their in-
capacity to sue, and there is no incapacity shown on the face of the
complaint. So, too, we think there was no misjoinder of parties plain-
tiff. If, as is claimed, the husband is interested in the personal estate
of the testatrix, and the sister as an heir at law in her real estate, they
would not, of course, have a common or joint interest in the estate.
But they would have a common interest in having the will declared
invalid. The action is apparently brought under section 2653a of the
Code of Civil Procedure, and the only questions which can be tried
under that section are as to the validity or invalidity of the will and
of the probate thereof. The only judgment prayed for in the com-
plaint is one decreeing that the instruments purporting to be the last
will and testament and codicil of the testatrix are not such in fact and
establishing the invalidity of the probate thereof. We see no reason
why, as to these questions, the plaintiffs have not a common interest
and are not entitled to come into court and join together as plaintiffs.
The court cannot, in this action, determine the amount of the inter-
est of either of the plaintiffs in the estate. Section 446 of the Code of
Civil Procedure provides that:

"All persons having an interest in the subject of the action, and in obtain-
ing the judgment demanded, may be joined as plaintiffs except as otherwise
expressly prescribed in this act."

There appears to be no other provisions in the Code that would
make such a joinder as has been had here improper. Within the rule
of equity practice, these parties, if they can show a common interest
in invalidating the probate of this will, may be properly joined as
plaintiffs. Pomeroy, Equity Jurisprudence (3d Ed.) § 114; Blackett
v. Laimbeer, 1 Sandf. Ch. 366; Foot v. Bronson, 4 Lans. 47. The
rule is also recognized in Gray v. Rothschild, 48 Hun, 596, 1 N. Y.
Supp. 299. See, also, Snow v. Hamilton, 90 Hun, 157, 35 N. Y.
Supp. 775.

The court, in sustaining the demurrer, did not give to the plaintiffs
the usual leave to amend, but gave final judgment thereon, dismissing
the complaint upon the merits. What has been said with respect to
the plaintiffs' having a common interest in setting aside the probate
of this will is based upon the supposition that, if they are allowed to
amend, they can state facts showing such interest, which they have
failed to do in the complaint as it now stands. We think, at least,
they should have that opportunity afforded them in this action.

The order and judgment should be reversed, with costs to the ap-
pellants in this court, and interlocutory judgment directed sustaining

the demurrer on the ground of insufficiency of the complaint, with costs to the defendants in the court below, and with leave to the plaintiffs to amend their complaint on payment of the costs in the court below. All concur.