(61 Misc. Rep. 586.)

## BRINKERHOFF v. TIERNAN.

(Supreme Court, Special Term, Kings County. December 21, 1908.)

1. WILLS (§ 266*)—PROBATE—ACTION TO DETERMINE VALIDITY—PARTIES.
   Code Civ. Proc. § 448, providing that where the question is one of a common or general interest of many persons, or where the persons who might be made parties are very numerous, and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all, does not apply to an action under section 2653a, enacted 40 years later, furnishing an entirely new form of action, and providing that a person interested in a will admitted to probate, or interested as an heir in an estate attempted to be disposed of by a will admitted to probate, may bring action for determination of the validity of the probate, and that all the devisees, legatees, and heirs of the testator and other interested persons, including the executor, must be made parties.
   [Ed. Note.—For other cases, see Wills, Dec. Dig. § 266.*]

2. PLEADING (§ 8*)—COMPLAINT—CONCLUSIONS.
   The mere description in the complaint of defendant "as executrix" of B., deceased, without any averment that B. left a will, which has been admitted to probate, or, if so, that she has been appointed and qualified as executrix of it, is an insufficient statement of fact, but at most is a conclusion of law.
   [Ed. Note.—For other cases, see Pleading, Dec. Dig. § 8.]

3. EXECUTORS AND ADMINISTRATORS (§ 443*)—ACTION AGAINST—COMPLAINT.
   The complaint against defendant, as executrix of B., alleging that B. was the sole legatee and devisee of J., but not averring that B. devised real estate received by devise from J., it cannot be assumed that the real estate of J. came to defendant.
   [Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 443.*]

Action by Jane D. Brinkerhoff, on behalf of herself and all the other heirs at law and next of kin of Julia David Brown, deceased, against Mary E. Tiernan, as executrix of John Brown, deceased. Demurrer to complaint sustained.

See, also, 113 N. Y. Supp. 937.

Corbitt & Stern, for plaintiff.

James W. & Charles J. McDermott (Charles J. McDermott, of counsel), for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

CARR, J. In this action, which is brought under section 2653a of the Code of Civil Procedure, the plaintiff, claiming to be one of the heirs at law and next of kin of Julia David Brown, deceased, seeks to obtain a judgment setting aside the probate of an alleged last will and testament of said decedent. The section of the Code in question provides as follows, in part:

"Any person interested as devisee, legatee or otherwise, in a will or codicil admitted to probate in this state, as provided by the code of civil procedure, or any person interested as heir at law, next of kin or otherwise, in any estate, any portion of which is disposed of, or affected, or any portion of which is attempted to be disposed of, or affected, by a will or codicil admitted to probate in this state, as provided by the Code of Civil Procedure, within two years prior to the passage of this act, or any heir at law or next of kin of the testator making such will, may cause the validity or invalidity of the probate thereof to be determined in an action in the Supreme Court of the county in which such probate was had. All the devisees, legatees and heirs of the testator and other interested persons, including the executor or administrator, must be parties to the action."

In her complaint she describes herself as plaintiff "on behalf of herself and all the other heirs at law and next of kin of Julia David Brown, deceased," and she alleges that the question involved in the action "is one of common and general interest to all the heirs at law and next of kin of Julia David Brown, deceased," and, further, that "the heirs at law and next of kin are very numerous, and all of whom are nonresidents of this state, and the names of some of them are unknown to the plaintiff, and cannot with due diligence be ascertained by her, and therefore it is impracticable to bring them all before the court." Then in a subsequent allegation of the complaint she names some eight persons as being among the heirs at law and next of kin of the decedent. None of these eight persons is made a party plaintiff or defendant by name.

The defendant demurs to the complaint on the ground that the plaintiff has no legal capacity to sue for the various heirs at law and next of kin of the decedent, Julia David Brown, and on the further ground there appears to be a defect of parties defendant, by reason of the failure of the plaintiff to join as party defendants to the action the heirs at law and next of kin of the decedent whom she names in her complaint. The complaint is further demurred to on the ground that it fails to state facts sufficient to constitute a cause of action against the defendant. The question of her legal capacity to sue in the form in which she maintains her action, and that of the defect of party defendant, are practically but one question under different aspects of presentation. This form of action under 2653a of the Code is entirely new and statutory. It is not in equity, but at law. Wallace v. Payne, 9 App. Div. 34, 41 N. Y. Supp. 111; Carolan v. O'Donnell, 105 App. Div. 577, 94 N. Y. Supp. 171. Its evident purpose is to gather together in one forum all the persons interested either in the probate or the contest of the last will of the decedent, and to obtain a judgment finally concluding all mankind either for or against the will. Lewis v. Cook, 150 N. Y. 163, 44 N. E. 778; Long v. Rodgers, 79 Hun, 441, 29 N. Y. Supp. 981. The section in question provides by

most direct language that every person having an interest in or against the probate of the will must be made a party before the court.

The first question, then, arising upon the demurrer, is whether or not the plaintiff can maintain this action under her pleading for the benefit of all the heirs at law and next of kin of said decedent. To justify her position she relies upon the language of section 448 of the Code of Civil Procedure, where it is provided as follows:

"And where the question is one of a common or general interest of many persons, or where the persons, who might be made parties, are very numerous, and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

By the allegations of her complaint she seeks to bring herself within the scope of the provisions just quoted. No doubt she and all the other heirs and next of kin of the decedent have a common or general interest in procuring a judgment setting aside the will of the decedent. I do not think that the complaint shows that the parties are so numerous as to render it impracticable to bring them before the court. If, however, the plaintiff can sue as one having a common interest with others, the latter question becomes unimportant, as it has been held frequently that, where the interest is common or general, the number of parties so circumstanced is immaterial to the right of the plaintiff to sue for himself and those having a common interest. Section 448 of the Code is but a re-enactment of section 119 of the old Code, which in turn was, so far as the matter before quoted is concerned, but a statutory adoption and declaration of a rule well established in courts of equity for many years before the adoption of any code practice.

The question arises at once whether it was the intent of the Legislature to do anything further than to continue in statute form the pre-existing rules of courts of equity. Innumerable cases may be found in this state where actions have been maintained by one plaintiff for the benefit of himself and others having a common interest since the adoption of section 119 of the old Code. This court has, with some considerable labor, examined a very large number of such cases as they appear in the Reports, only to find that each of them was one seeking equitable relief, and so disposed of on the equity side of the court. Whether the rule declared in section 448 prevails in an action at law does not appear to have been raised or decided heretofore in this state. Since the submission of the briefs of the respective counsel, the court has had its attention called to the presentation of this question in 30 Cyc., where reference is had to the question involved, and citations of several authorities outside this state are made to the effect that the rule of the Code applies as well to actions at law as in equity.

I think, however, that the Legislature had a special purpose in enacting 2653a, over 40 years after the original enactment of section 448, and that the legislative purpose evidenced in section 2653a would not be subserved by making all the provisions of section 448 applicable to an action of this kind. There is no practical difficulty in making all the parties interested in an action of this kind actual parties to the controversy, either by joining them as plaintiffs with their consent or by

making them defendants. Such of them as can be named may be named, and such of them as are unknown by name to the plaintiff may be brought into court under section 451 of the Code of Civil Procedure by service of process. In that manner all the persons interested may be made actual parties, as section 2653a seems to contemplate.

When we go back to the practice formerly existing under the rules of chancery with regard to actions by one plaintiff for all others interested in common, we find that such practice had definite limitations and restrictions calculated to protect the actual rights of the persons who were sued for without being made parties by name. Where one sued in equity for the benefit of himself and of all others in common, any of the other persons was at liberty to bring a similar action in his own name notwithstanding the pendency of the former one. The judgment in either action was interlocutory, and after its entry in either action all the other actions were stayed; and all were compelled to come in before the court in the action in which the interlocutory judgment had been obtained, and to establish and take their rights under it. Kerr v. Blodgett, 48 N. Y. 62; Brinckerhoff v. Bostwick, 99 N. Y. 185, 1 N. E. 663; MacArdell v. Olcott, 62 App. Div. 127, 70 N. Y. Supp. 930.

If the plaintiff, thus suing on behalf of himself and others, was defeated in the action, the judgment obtained therein operated as a bar against all the persons in whose behalf he sued, even though they were not before the court as actual parties. It seems quite evident to me that the Legislature, in furnishing an entirely new form of action under section 2653a, intended a form of remedy not in harmony with or in contemplation of the provision of section 448 of the Code of Civil Procedure as quoted, and that the exception to the general rule as to making of the parties contemplated by section 448 does not apply to an action of this kind. If the plaintiff can maintain this action, for the benefit of others not named as parties, but who have a common interest with her in setting aside the will, then, while her success will inure to the benefit of such persons, her defeat, through ignorance, bad judgment, or general inefficiency, would likewise forever bar the individuals whom she represented in the action. I do not think that such a contingency was contemplated by the Legislature when it framed section 2653a of the Code of Civil Procedure.

2. This brings us to the consideration of the second question involved, whether the complaint states facts sufficient to constitute a cause of action against the defendant. The defendant is sued "as executrix of the estate of John Brown, deceased." The complaint alleges generally that John Brown, deceased, obtained the probate of the last will of his wife, Julia David Brown, and that John Brown was the sole legatee and devisee of said Julia David Brown in the will which was admitted to probate. It further alleges that the estate of said Julia David Brown consisted of real and personal property. It then alleges that said John Brown is now dead, and "that the defendant is the sole executrix of John Brown, deceased, who is named in said alleged will as the sole legatee and devisee of said Julia David Brown."

There is no allegation in the complaint that said John Brown left any last will and testament which has been admitted to probate, nor, if so, that the defendant has been appointed and qualified as executrix of said will. She is simply described "as executrix of the estate of John Brown, deceased." This is not a sufficient statement of fact against her. At most it is but a conclusion of law. If she were actually executrix of the will of John Brown, deceased, there is nothing in the complaint to show whether John Brown died intestate as to the real property which he received by devise from Julia David Brown, nor whether he devised it himself in turn; nor does it appear whether Julia David Brown left an executor, nor whether anything has passed from her estate into the possession of the defendant. If the defendant was properly shown to be the executrix of the will of John Brown, deceased, it might be presumed that she took by legal title under the will of John Brown whatever personal estate there was coming under the will of Julia David Brown; but it cannot be so assumed that the real estate of Julia David Brown came to this defendant under any hypothesis, except by a devise under the will of John Brown, and nothing to that effect appears in the complaint. Even though the complaint were not demurrable on this ground, it is framed so inartistically that as a matter of orderly pleading it should be amended voluntarily by the plaintiff, so as not to leave the court subject to a situation in which it might, on its own initiative, be compelled to bring in further defendants.

I think, however, that the demurrer should be sustained on both grounds, with leave to amend on payment of costs.