EARLY v. NASH et al.

(Supreme Court, Appellate Division, Second Department.  July 29, 1910.)

1. WILLS (§ 267*)—CODICIL—SUIT TO ATTACK—WHAT PARTIES NECESSARY.

Where one legatee was given a general legacy, and other legatees were given specific legacies, their interests were such that, to protect them, they should have been made parties to a suit attacking the validity of certain codicils to the will providing for a certain specific devise and a general legacy, because the specific devise given by the codicil reduces the residuary estate, and, so far as its liability for debts is concerned, it stands equal with the specific legacies in the will, and the general legacies are all equally liable.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 615, 617, 618; Dec. Dig. § 267.*]

2. WILLS (§ 267*)—CODICIL—SUIT TO ATTACK—PARTIES NECESSARY—INTEREST OF.

Under Code Civ. Proc. § 2653a, providing that "all the devisees, legatees, and heirs of the testator and other interested persons, including the executor or administrator, must be parties to the action," all legatees should be made parties to a suit attacking the validity of codicils to the will, regardless of how secure their legacies may have been from the payment of debts, or otherwise, in order that the rights of all interested parties may be finally adjusted.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 615, 617, 618; Dec. Dig. § 267.*]

3. WILLS (§ 281*)—CODICIL—SUIT TO ATTACK—PARTIES NECESSARY—COMPLAINT—ALLEGATIONS.

The complaint in an action attacking the validity of two codicils to a will was defective in failing to allege that all interested persons were made parties to the action as required by statute.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 639; Dec. Dig. § 281.*]

Appeal from Special Term, Westchester County.

Suit by Annie Early against John McL. Nash, as executor of the last will and testament and codicils of Mary A. Fielding, deceased, and others. From an order denying his motion for judgment on the pleadings, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, JENKS, and THOMAS, JJ.

Alvin C. Cass, for appellant.

Charles L. Jones, for respondents.

THOMAS, J. The testator, a widow, died leaving a will and four codicils thereto, and three daughters and their sons, to whom, save two of the sons, she gave her property, excepting one general legacy of $500 to Munro, and several specific legacies to grandchildren and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a niecé. In this action attacking the validity of the last two codicils, the two sons excluded from the will, Munro, and such special legatees are not made parties. The questions are whether there is a defect of parties defendant and a failure to state a cause of action. The first and second codicils do not materially affect the question. The third codicil makes a specific devise to a daughter and a general legacy to another daughter; and the fourth codicil gives the son a general legacy, and declares that certain advances to children have been repaid. The specific devise removes property from the residuary estate, and, as regards payment of debts, places it on an equality with the specific legacies to the grandchildren and niece, and the general legacies in the codicils are coequal with Munro's legacy. Hence, Munro and the special legatees have interests to protect that give them standing to attack the validity of the codicils. Moreover, a litigation is initiated, the expenses of which may so diminish the assets first applicable to the payment of debts as finally to require the sale of the subjects of the special legacies (Stall v. Wilbur, 77 N. Y. 158), and the special legatees should be summoned and enabled to protect their interests. If it be answered that the peril is remote or absent, it is sufficient reply that the court is not and cannot be informed as to the debts and the adequacy of the assets. Nor does the statute intend that the court shall scan the present condition of the estate or forecast its vicissitudes. Section 2653a of the Code provides that:

"All the devisees, legatees and heirs of the testator and other interested persons, including the executor or administrator, must be parties to the action."

The intention is to herald to one final contention all to whom the will and law imputes interests and all other persons who in fact have interests, to the end that one comprehensive judgment may determine all rights and forever quiet dispute and title. Lewis v. Cook, 150 N. Y. 163, 166, 44 N. E. 778; Brinkerhoff v. Tiernan, 61 Misc. Rep. 586, 588, 114 N. Y. Supp. 698. So all the legatees should be made parties, as well as the omitted heirs at law. The demurrer, further, is that the complaint does not state a cause of action, in that it does not allege that all interested persons are parties to the action. As the statute directs this for the purpose of estopping all persons interested, the plaintiff should plead and prove that she has brought such persons before the court for judgment. Otherwise some defendant must take that burden, and in case of default in appearance the court would not be advised. Wood v. Fagan, 126 App. Div. 581, 110 N. Y. Supp. 938.

The order should be affirmed, with $10 costs and disbursements. All concur.