### WALLACE et al. BOUVIER et al.

(Supreme Court, Appellate Division, First Department. December 30, 1910.)

PARTIES (§ 84*)—DEFECT—WAIVER.

Code Civ. Proc. § 2653a; providing an action for determining the validity of a will, requires all the devisees, legatees, heirs, and other interested persons to be made parties. Section 488, subd. 6, declares a complaint demurrable where a defect of parties appears on the face thereof. Section 499 provides that if an objection, specified in section 488, is not taken either by demurrer or answer, defendant is deemed to have waived it. *Held*, that in an action under section 2653a, where it appeared from a codicil to the will annexed to the complaint that there were certain legatees who were not made parties defendant, and defendants did not demur thereto, they waived the objection, and could not subsequently ask that the complaint be dismissed.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 134–142; Dec. Dig. § 84;* Pleading, Cent. Dig. § 494.]

---

Appeal from Special Term, New York County.

Action by Frances L. Wallace and others against Michel C. Bouvier and others. From an order granting a motion for judgment on the pleadings, and from the judgment thereon, plaintiffs appeal. Reversed, and motion denied.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Edward W. Hatch, for appellants.

Dudley Davis, Pierpont Davis, and John M. L. Nash (George S. Mittendorf, of counsel), for respondents.

MILLER, J. The action is brought under section 2653a of the Code of Civil Procedure in behalf of Allen Wallace, an incompetent person, the sole heir at law and next of kin of the testator. It appears by the codicil, which is annexed to the complaint, that Annie Marie Wallace and the trustees of Union College are legatees. The respondents answered, but did not allege that there was a defect of parties defendant.

Section 2653a provides:

"All the devisees, legatees and heirs of the testator and other interested persons, including the executor or administrator, must be parties to the action."

But it does not provide what the complaint must state, as does section 1542, with respect to actions for partition. Section 499 of the Code of Civil Procedure provides:

"If such an objection [i. e., one of those specified in section 488] is not taken, either by demurrer or answer, the defendant is deemed to have waived it, except the objection to the jurisdiction of the court, or the objection that the complaint does not state facts sufficient to constitute a cause of action."

Undoubtedly there was a defect of parties defendant; but, as that fact appeared upon the face of the complaint, it should have been taken by demurrer. If the defect had not appeared upon the face of the complaint, the objection could have been taken by answer. But it is plain, if the section quoted is to have any meaning at all, that the failure to take objection either by demurrer or answer waives it. It does not follow that the parties to the suit will be permitted to proceed therein to final judgment without the presence of all interested persons. They can be brought in upon the motion of any party, and, upon the defect appearing, the court of its own motion will order them brought in. But a defect of parties is very different from the failure of the complaint to state facts sufficient to constitute a cause of action, as all the Code sections relative to pleading plainly recognize.

The stated ground of the motion was that the complaint does not state facts sufficient to constitute a cause of action, but it was in fact granted because there was a defect of parties defendant. Two decisions of this court in the Second and Third departments, respectively, are cited in support of the proposition that a defect of parties defendant in such an action as this renders the complaint demurrable for insufficiency. Wood v. Fagan, 126 App. Div. 581, 110 N. Y.

Supp. 938; Early v. Nash, 139 App. Div. 736, 124 N. Y. Supp. 293. The latter case was decided upon the ground of a defect of parties defendant, and what was said with respect to the failure of the complaint to state a cause of action was unnecessary to the decision. In the former case, it was decided that a complaint in such an action as this, which contained no allegation that the plaintiffs and defendants were the only next of kin and heirs at law of the testatrix, did not state a cause of action. However, the point seems to have been taken for granted, as the opinion of the court dealt entirely with other questions; and apparently section 499 of the Code of Civil Procedure was not called to the attention of the court, or considered.

It seems to us that there is no answer to the proposition that the defendants, having failed to take the point as provided by section 499 of the Code, cannot now ask that the complaint be dismissed.

The judgment and order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.