(163 App. Div. 62)

JUDSON et al. v. STALEY et al.   (No. 152-97.)

(Supreme Court, Appellate Division, Third Department.  July 1, 1914.)

1. WILLS (§ 281*)—ACTIONS TO DETERMINE VALIDITY — COMPLAINT — SUFFI-
CIENCY.

In an action to determine the validity of the probate of a will, an al-
legation that decedent left surviving certain parties named, her next of
kin and only heirs at law, was a sufficient compliance with Code Civ.
Proc. § 2653a, authorizing such action, assuming that such section requires
an affirmative statement that all the heirs and next of kin are parties.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 639; Dec. Dig. §
281.*]

2. WILLS (§ 281*) — ACTIONS TO DETERMINE VALIDITY — COMPLAINT — SUFFI-
CIENCY.

Code Civ. Proc. § 2653a, authorizing actions to determine the validity
or invalidity of the probate of a will, and providing that all devisees,
legatees, and heirs and other interested persons must be parties, does not
declare what the complaint shall contain, but leaves this to be governed
by the provisions of the Code relating to practice, and a complaint omit-
ting to name certain parties interested or omitting an allegation that all
persons interested are parties is not insufficient to state a cause of action,
in view of section 488, subds. 6 and 8, authorizing a demurrer for a defect
of parties and on the ground that the facts stated do not constitute a cause
of action, section 498, providing that where any of the matters enumerated
in section 488 do not appear on the face of the complaint the objection
may be taken by answer, and section 499, providing that, if not taken by
demurrer or answer, the objection, except to the jurisdiction of the court
or that the complaint does not state facts sufficient to constitute a cause
of action, is waived.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 639; Dec. Dig. §
281.*]

3. PARTIES (§ 80*)—BRINGING IN NEW PARTIES.

Under Code Civ. Proc. § 452, providing that, where a complete deter-
mination of a controversy cannot be had without the presence of other
parties, the court must direct them to be brought in, in an action to de-
termine the validity of the probate of a will, the sufficiency of an answer
alleging the nonjoinder of interested parties was immaterial, as the court
would direct them to be brought in if necessary for a complete determina-
tion of the action, though the question of nonjoinder was raised neither
by demurrer nor answer.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 123–131, 170;
Dec. Dig. § 80.*]

4. WILLS (§ 229*)—ACTIONS TO DETERMINE VALIDITY—PERSONS WHO MAY
BRING.

Under Code Civ. Proc. § 2653a, authorizing any person interested as
heir at law, next of kin, or otherwise in any estate, disposed of by will,
to cause the validity of the probate thereof to be determined in an action
brought for that purpose, the administrators of one of the heirs at law
and next of kin of a testatrix who died subsequent to the testatrix might
maintain the action.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 550–554; Dec. Dig.
§ 229.*]

Appeal from Trial Term, Fulton County.

Action by John B. Judson and another, as administrators of Adam
Frederick, deceased, against Jacob W. Staley and others. From a
judgment dismissing the complaint, plaintiffs appeal, and brings up

for review the order directing such dismissal. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

M. D. Murray and Dudley & Dennison, both of Johnstown (Harwood Dudley, of Johnstown, of counsel), for appellants.

Horton D. Wright, of Gloversville, for respondents.

JOHN M. KELLOGG, J.   The action was brought under section 2653a of the Code of Civil Procedure to determine the validity of the probate of the will of Catherine Ann Staley.   The complaint alleges, among other things, that the alleged intestate left her surviving Adam Frederick and the defendants, "her next of kin and only heirs at law," and that after her death the said Adam Frederick died intestate, and the plaintiffs are the administrators of his estate.   The executor of Catherine Ann Staley answered the complaint, and, among other things, admitted that the decedent left her surviving the heirs at law and next of kin set forth in the complaint, but, on information and belief, "denies that they are all the heirs and next of kin that the said Catherine Ann Staley had."   The defendant Jacob W. Staley answered that she left the heirs at law and next of kin set forth in the complaint, but that he has no knowledge or information sufficient to form a belief as to whether or not those set forth constitute all the heirs at law and next of kin her surviving.

Upon the trial the executor of Catherine Ann Staley moved to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action in not showing that the plaintiffs have any interest, or are parties interested, in the action, and in not alleging that all the devisees, legatees, and heirs of the testator, and other interested persons, are parties to the action.   The court ruled that the complaint must be dismissed unless it was amended, and was willing to entertain a motion to amend the complaint.   The defendant required the payment of terms as a condition of the amendment, and the court would not intimate whether it would impose terms or not, and thereupon the plaintiff elected not to ask for an amendment, and the complaint was dismissed.

[1, 2]  The section of the Code referred to requires that all persons interested be made parties to the action.   The complaint has been dismissed, not because all the parties interested are not parties, but because the complaint does not allege that all the devisees, legatees, heirs at law, and others interested are parties.   The copy of the will attached to the complaint shows that all the legatees and devisees are parties to the action.   The allegation "that the decedent left her surviving the parties named, her next of kin and only heirs at law," is a sufficient compliance with the section if we consider that it requires an affirmative statement that all the heirs and next of kin are parties.   But the section does not declare what the complaint shall contain in that respect.   It requires that all such persons shall be parties to the litigation, leaving it to the provisions of the Code to supply any omissions or correct any errors which may appear in the complaint in that respect.

If the complaint contains all the necessary allegations, but omits to name certain parties who are interested and omits an allegation that all persons interested are parties, it cannot be said that on account of the omission it fails to state facts sufficient to constitute a cause of action. The facts constituting the cause of action are the property, the plaintiffs' interest therein, the execution and probate of the will, the condition of the testatrix at the time of execution, and whether in fact the paper probated is actually her will. The other questions are questions of practice and are to be regulated and determined according to the provisions of the Code relating to such practice. Section 488 of the Code of Civil Procedure, at subdivision 6, permits a demurrer for defect of parties, and, at subdivision 8, upon the ground that the facts stated do not constitute a cause of action, thus recognizing that the two objections are separate and distinct. If the complaint affirmatively shows that certain persons are interested, and they are not parties, the remedy is a demurrer under subdivision 6 of section 488 of the Code of Civil Procedure. If the defect does not appear upon the complaint, the defendant may raise it by answer under section 498 of the Code. If he fails to raise it in either of these manners, then under section 499 of the Code the objection is waived. Wallace v. Bouvier, 141 App. Div. 525, 126 N. Y. Supp. 440. The complaint does not show, as it should, whether Adam Frederick left heirs other than the defendants in the action. That fact should have appeared, for if he left heirs they should have been made parties. But this omission cannot be taken advantage of under the objection that the complaint does not state facts sufficient to constitute a cause of action. It cannot be claimed that this objection is to the jurisdiction of the court, and we have already seen that it does not raise the question that the complaint does not state facts sufficient to constitute a cause of action.

[3] It may be questioned whether a denial on information and belief that the parties named are heirs at law and next of kin is a proper answer of nonjoinder of parties. Ordinarily the answer should state the names of the parties alleged to be omitted. That question is, however, not material, as under section 452 of the Code, although the question of nonjoinder is not raised by demurrer or answer, the court would direct any persons whose presence is necessary for a complete determination to be brought into the action.

[4] The complaint shows that in the absence of a will Adam Frederick would have been entitled to a share of the real and personal property of the alleged testatrix. He having survived her, his interest in her real estate, if any, would go to his heirs, and in her personal estate to his personal representatives. The plaintiffs therefore are interested and may maintain the action.

The order and judgment should therefore be reversed, and a new trial granted, with costs to appellants.