## Henry v. Harris, Judge.

(Decided October 4, 1927.)

### Petition for Writ of Prohibition.

1. **Courts.**—Court of Appeals will not take jurisdiction of original proceedings in the nature of mandamus or prohibition; unless there is no other adequate remedy.

2. **Courts.**—Court of Appeals would not take original jurisdiction on petition for an order to the judge of the Union quarterly court to require him to accept defendant's peace bond conforming to Ky. Stats., Supp. 1926, sec. 2554a-18, which he had been required to execute after conviction for possessing liquor, and for a writ prohibiting the judge from committing him to jail for failing to procure surety, since Civil Code of Practice, secs. 474-479, and Criminal Code of Practice, sec. 25, afford relief where writs of mandamus or prohibition are desired.

G. L. DRURY and E. R. MORTON for plaintiff.

W. B. HARRIS and L. C. FLOURNOY for defendant.

### OPINION PER CURIAM.

This is an action by Tom Henry, Jr., against W. B. Harris, judge of the Union quarterly court, alleging that plaintiff was tried and convicted in the Union quarterly court on a charge of unlawful possession of spirituous liquor; that in the judgment he was required to execute a peace bond in the sum of $1,000 conforming to the provisions of section 2554a-18, Ky. Statutes; and that he did so. But that the bond was not signed by any surety and the court refused to accept it and upon his failure to procure such surety committed him to jail for a period of 90 days; it being further alleged that the statute does not require surety on such bonds. The prayer being for an order requiring the judge of the Union quarterly court to accept the bond tendered and for a writ prohibiting the defendant as judge of said court from committing him to jail.

This court does not entertain jurisdiction of original actions of this character, unless there is no other adequate remedy, and as the provisions of chapter 12, tit. 10, of the Civil Code, and section 25 of the Criminal Code afford plaintiff ample relief, the petition must be dismissed. See Scott v. Mounts, 195 Ky. 678, 243 S. W. 878; Western Oil Refining Co. v. Wells, 180 Ky. 32, 201 S. W. 473.