## Stucker v. Jones, Judge, et al.

(Decided Oct. 30, 1935.)

GUY H. BRIGGS and JOE CHENAULT for petitioner.

J. C. JONES and KENDRICK S. ALCORN for respondents.

OPINION OF THE COURT BY JUDGE RICHARDSON—Dismissing petition.

This is an original action brought under section 110 of the Constitution by L. D. Stucker against the Hon. J. C. Jones, judge of the Franklin circuit court, and the Hon. Kindrick S. Alcorn, judge of the Mercer circuit court, to require this court to determine whether the

Franklin circuit court or the Mercer circuit court has jurisdiction on an appropriate application by an individual to hear and determine the sanity of Neal Bowman who is now confined in the State Reformatory for safe-keeping, pending an appeal to this court, which is awaiting the action of this court on Bowman's petition for rehearing in a prosecution against him in the Mercer circuit court, wherein he has been convicted of willful murder and his punishment fixed at death.

Stucker is the appointed and qualified chaplain of the State Reformatory at Frankfort, Ky. In his petition he sets out the election and qualification of the Hon. J. C. Jones, as judge of the Franklin circuit court, and the Hon. Kindrick S. Alcorn, of the Mercer circuit court; the trial and conviction of Bowman in the Mercer circuit court, and his confinement in the state reformatory for safe-keeping under the order of the Mercer circuit court.

Stucker filed, on September 13, 1935, a petition addressed to the judge of the Franklin circuit court, informing him "that Neal Bowman is a person of unsound mind and a lunatic whose father and mother are non-residents of the State of Kentucky and that he is unmarried, and that he is in the custody of the warden of the State Reformatory," for safe-keeping under an order of the Mercer circuit court. He prayed that an inquest be held and that the court determine whether Bowman was a lunatic. Process was served on the superintendent of the State Reformatory at Frankfort, requiring him to answer Stucker's petition. He presented in open court a special demurrer to the jurisdiction of the court which was sustained by the court, and his petition dismissed. Stucker reserved an exception and prayed an appeal, which was granted.

D. T. Brummett filed, on the 26th day of September, 1935, a like petition in the Mercer circuit court, accompanied by an affidavit showing he was a resident of Mercer county. His petition contained substantially the same allegations as Stucker's, and the same prayer. The commonwealth's attorney of the Thirteenth judicial district and the county attorney of Mercer county filed a special demurrer to the jurisdiction of the Mercer circuit court which was sustained, and to the order directing the dismissal of the petition Brummett excepted and prayed an appeal to this court, which was granted.

It will be observed that Stucker was not a party to the proceeding in the Mercer circuit court, and it is superfluous to say that, therefore, he is without right to come into this court, and, by making the Hon. Kindrick S. Alcorn a party to the action against the Hon. J. C. Jones, have reviewed the action of Brummett in the Mercer circuit court.

It has been our uniform construction of section 110 of the Constitution, that where the petitioner in an action thereunder has an adequate remedy by an appeal from any erroneous judgment, order, or ruling of the trial court, we will not, on a writ of prohibition, undertake to review such alleged erroneous judgment, order, or ruling of the trial court. Osborn v. Wolfford, Circuit Judge, 239 Ky. 470, 39 S. W. (2d) 672; Goodenough, Judge of Police Court, v. Kentucky Purchasing Co. et al., 241 Ky. 744, 45 S. W. (2d) 451.

It is apparent that an appeal to this court will afford Stucker or Brummett adequate relief which, according to the accepted rule in such case, forbids this court granting relief in this action.

Wherefore, the petition is dismissed.

Whole court sitting.