## Security Trust Co. et al. v. Swope, Judge.

(Decided June 10, 1938.)

FIELD, McLEOD and HUNT, BUSH & LISLE and McDONALD & McDONALD for petitioners.

FRANK S. GINOCCHIO for respondent W. M. Railey.

OPINION BY JUDGE THOMAS—Dismissing petition.

This is an original action filed in this Court under the provisions of section 110 of our Constitution, in which the Security Trust Company, as executor of the will of Margaret Helm, deceased, and Rector, Wardens and Vestry of Christ Church in the city of Lexington, are petitioners and Hon. King Swope, Judge of the 22nd Judicial District of Kentucky, composed of Fayette County, is the respondent. In their initial pleading petitioners set out the facts that Margaret Helm died testate in August, 1936, a resident of Fayette county, unmarried and without issue; that she named petitioner, Security Trust Company, as executor of her will, and that at the time of her death her father and mother were both dead; that she left surviving her no brother or sister, nor descendants of either, and, of course, she left no surviving grandfather or grandmother on either

her paternal or maternal side. Therefore, all of her next of kin were collateral heirs descended from relatives of the ascending line; that in her will she provided for the payment of debts and the erection of a monument at her grave, and then devised all of the remainder of her property, amounting to about $350,000, to the other petitioner, Rector, Wardens and Vestry of the Christ Church of Lexington, Kentucky; that the will was duly probated in the Fayette County Court in an ex parte application on August 14, 1936, and that on June 21, 1937, one William Mayo Railey, alleging himself to be one of the collateral heirs of the testatrix, attempted to prosecute—solely in his name—an appeal from the probate judgment to the Fayette circuit court, presided over by respondent; that in the statement filed in the appellate (Fayette circuit) court he alleged the facts as above outlined and the fact of his relationship to the testatrix and his heirship to her, and also stated that the probated paper in the county court was not the last will and testament of testatrix, and that he prayed an appeal from the judgment of the county court probating the will.

The executor named therein, and the sole devisee were each summoned to answer the appeal of Railey. Only the executor answered and its pleading was in the nature of one in abatement of the appeal because of defective parties, which it manifested in the pleading it filed, by setting out the names (with no residences or addresses) of many persons whom it averred are descendants of ascending collateral heirs of testatrix, and which it alleged are all of the persons known by it who occupy such relationship to her, but intimating that there are possibly others—all of whom it insisted should be made parties to the appeal—with those who were residents of the state of Kentucky actually summoned, and warning orders obtained for the non-residents. It later filed a supplemental pleading increasing the list to 172, and giving the post office addresses of each alleged heir, the great majority of whom were non-residents of this commonwealth. It, however, qualified its averments by saying that it "does not know whether or not such persons are living, or if living, who are the descendants or heirs at law of such persons." There was included in its list of such collateral kindred the appellant in the appeal to the Fayette circuit court,

Wm. Railey, who, it averred, resided in the city of New Orleans, Louisiana.

Upon the facts contained in its pleadings the executor made in the Fayette circuit court these motions— (1) to require Railey to bring before the court all of the persons named in its pleadings; (2) to require him to execute a non-resident's bond for costs, and (3) to require him to state his degree of relationship to the testatrix. Whereupon Railey filed a motion requesting the court to permit him to prosecute the appeal contesting the will of testatrix for and on behalf of himself and all of the other heirs of the testatrix. The motions by both sides were then submitted and the court sustained the one requiring the appellant, Railey, to execute bond, but it overruled the one made by the executor to require appellant to show his degree of relationship to the testatrix, and also the one to require him to bring before the court the collateral heirs of the testatrix as set out in the pleadings of the executor.

The case then stood for trial at the regular May term of the Fayette circuit court but before it arrived petitioners filed this original action in this court to prohibit respondent, as judge of the Fayette circuit court, from proceeding with the trial of the appeal in the condition of the pleadings and issues as they were left after such motions were acted on, and to mandatorily direct and require him to rescind his orders overruling the motions of the executor and to sustain them as made, and also to rescind its order permitting Railey to prosecute the appeal for the use and benefit of himself and all others similarly situated as collateral heirs of the testatrix, which latter ruling, it is averred in the petition, was made by the court without jurisdiction, since it was also averred that by section 470 of our Civil Code of Practice, sections 4849 and 4866, both inclusive, are made parts of the Civil Code of Practice and that section 4859 of the same statutes requires that in an appeal from the county court probating a will "all necessary parties shall be brought before the court by the appellant," and that such requirement supersedes in will contest cases the right of one or more interested parties to prosecute or defend an action for the benefit of all others similarly situated, as is conferred by section 25 of the Civil Code of Practice with reference to other character of actions. Therefore, it is argued that

the court exceeded its jurisdiction in sustaining Railey's motion to prosecute his appeal in that manner.

It appears to be conceded in the petition filed in this court that the court had jurisdiction to overrule petitioners' motion to require Railey to make all of the heirs of the testatrix parties to his appeal; but it is averred therein that such ruling was erroneous and that as a consequence thereof petitioners will have no adequate remedy at law, and great and irreparable injury will result therefrom—thus bringing the case by averment within the requisite essentials to the exercise of original jurisdiction in this court under the authority conferred upon it by the invoked section (110) of our Constitution, as declared in many cases in the notes to that section, (of the Constitution) some of the latest of which are Lisanby v. Bush, 186 Ky. 448, 217 S. W. 354; Fleece v. Shackelford, 204 Ky. 841, 265 S. W. 460; Natural Gas Products Company v. Thurman, 205 Ky. 100, 265 S. W. 475; Duffin v. Field, 208 Ky. 543, 271 S. W. 596; Rush v. Childers, 209 Ky. 119, 272 S. W. 404; Litteral v. Woods, 223 Ky. 582, 4 S. W. (2d) 395; Osborn v. Wolfford, 239 Ky. 470, 39 S. W. (2d) 672; Goodenough v. Purchasing Company, 241 Ky. 744, 45 S. W. (2d) 451; Henneberger Co.'s Assignee v. Price, 252 Ky. 402, 67 S. W. (2d) 471; Union Trading Company v. Hubbard, 252 Ky. 518, 67 S. W. (2d) 693; Stucker v. Jones, 261 Ky. 82, 87 S. W. (2d) 110, and others cited in those opinions. Respondent in his pleading filed in this court denied the contentions made in the petition, and expressed his disinterestedness in the involved issues, and only a desire to proceed correctly, which he had done as dictated by his conscientious interpretation of the involved law.

In the circumstances we deem it proper to first dispose of the contention that respondent had no jurisdiction to permit Railey to prosecute his appeal for the use and benefit of himself as a collateral heir of the testatrix, and also for all others similarly situated, as may be done in a proper case under the provisions of section 25 of our Civil Code of Practice. Whether the provisions of that section are superseded by our probate law, contained in the sections, supra, of our statutes, presents a question which we conceive not to be necessary for a disposition of the case, since if the contention be correct, then respondent as judge of the Fayette

circuit court undoubtedly had jurisdiction to determine for himself that question, and which he did by sustaining Railey's motion to permit him to prosecute the appeal in that manner. We therefore conclude that the questions raised by the petition might well be determined exclusively upon the theory that the rulings made by respondent—and complained of herein—were and are erroneous, to obtain relief against which petitioners have no adequate remedy at law, and without such remedy they will suffer great and irreparable injury.

The first inquiry, therefore, is whether or not the respondent in making the rulings complained of acted erroneously though within his jurisdiction? Before attempting an answer to that question we deem it appropriate to make some general statements concerning the law with reference to probating of wills in this as well as other jurisdictions. To begin with probate proceedings are of the nature of in rem actions. See 68 C. J. section 597, where the text says, inter alia: "The probate of a will is in nature of a proceeding in rem, wherein all persons having any interest are deemed parties and concluded by the decision therein." A domestic case approving and in harmony with that text is Tibbatts v. Berry, 10 B. Mon. 473, 49 Ky. 473, which was preceded by others mentioned in that opinion, the doctrine of which has been followed in a number of subsequent cases from this court, as will be seen from the list made in Shepard's Kentucky Annotations, Vol. 1, 1937 Edition, under the appropriate heading of cases referred to in that volume of our reports, 10 B. Mon. 473, 49 Ky. 473, which is the correct citation of the Tibbatts Case. The books also teach, and the courts confirm, that there are two modes of probate—one ex parte, and the other inter partes. The first is designated as the common form, while the second one is designated as the solemn form, but the judgment rendered by the probate court is as conclusive against the world in the one case as in the other—the only difference therein being the mode, method and procedure by which vacating reviews of the judgment may be had. The practice in this jurisdiction has been the adoption of either form of procedure that the particular propounder may see proper to employ but followed by the rights of interested parties that the local law extends to obtain relief against the probate judgment. With us any interested party may

appeal from the original probate judgment in the county court to the circuit court of the county "within five years after rendering the judgment of probate" or the judgment rejecting the probate of the tendered will, and which right is conferred by section 4850 of our statutes. When such an appeal is taken by anyone who would be interested in the estate as an heir in the absence of a will, and who is dissatisfied with its provisions, he shall bring before the appellate court "all necessary parties." By the provisions of section 4857 of the same statutes the probate court may cause all persons interested in the probate of the will to be summoned in that court, or by section 4860 the probate of the will may be made without summoning any such persons or making them parties to the proceedings. By section 4861 of the same statute any non-resident constructively served, or any resident not served may within three years from the final judgment of the circuit court to which the appeal is taken petition that court to set aside the order made therein and obtain a new trial. But an infant who is not a party to the circuit court proceedings shall not be barred of that remedy until "twelve months after attaining full age."

We thus see that under our statutes anyone entitled to inherit from the testator may appeal in his own name within five years from the probate of the will when dissatisfied with the provisions thereof (see the Tibbatts Case supra, and Wells v. Wells, 4 T. B. Mon. 152, 16 Am. Dec. 150) whether the will has been probated by the common, or ex parte form of procedure, or by the formal inter partes one; but when his appeal is taken to the circuit court "all necessary parties shall be brought before the court." In the Tibbatts and Wells Cases, as well as that of Scott v. Roy, 144 Ky. 99, 137 S. W. 858, it was held by this court that the language in section 4859, saying: "All necessary parties shall be brought before the court by the appellant" referred to and meant parties in whose favor the probate court adjudged, and not parties against whom, or against whose interest, that judgment was rendered, and who are interested in having it vacated and set aside, which an appeal therefrom to the circuit court seeks to accomplish.

Therefore, interested parties who would benefit by the success of an appeal to the circuit court in obtain-

ing a judgment vacating the probate judgment appealed from are not the "interested parties" referred to in section 4859 who are required to be made such by the appellant in his effort by appeal to vacate the probate judgment—such language referring to only persons in whose favor the probate judgment was rendered—and not to those against whose interest it was rendered. In this case everyone who was interested in sustaining the will (as did the judgment in the probate court) were made parties to Railey's appeal, and it is clearly apparent to us that the court properly overruled petitioners' motion, as the executor of the Helm will, to require Railey to make all or any of the other collateral heirs of Mrs. Helm parties to the appeal in the circuit court.

We have already intimated that respondent was proceeding within his jurisdiction when he sustained Railey's motion to be permitted to prosecute the appeal for himself and all others similarly situated, and we will now proceed to show that his ruling in that respect was correct. We expressly approved that practice, under allowable facts, in the case of Randolph v. Lampkin, 90 Ky. 551, 14 S. W. 538, 12 Ky. Law Rep. 517, 10 L. R. A. 87, and that holding was approved (but without discussion) in the later case of Murphy's Ex'r v. Murphy, 65 S. W. 165, 23 Ky. Law Rep. 1460. Two foreign cases are cited by petitioners in their brief filed on this hearing, which they claim announce a contrary holding and sustain the position they advance in their petition herein. They are Berg v. Merchant, 6 Cir., 15 F. (2d) 990, and Brinkerhoff v. Tiernan, 61 Misc. 586, 114 N. Y. S. 698; but an examination of them will reveal that the courts were dealing with statutory provisions entirely different from ours, and which may or may not have justified the conclusions reached. Whether they did or did not do so, under the statutes then under review, is a question we need not determine, since this court in the cases referred to has construed the procedure otherwise, and has applied the provisions of section 25 of our Civil Code of Practice to probate proceedings the same as in all other character of cases where the provisions of the section were intended to apply. If there ever was a case where such provisions should apply—and which is manifested by petitioners' pleading on the appeal pending the Fayette circuit court—it is this one. The parties not actually brought before

the court have ample remedy under the probate statutes, as we have hereinbefore pointed out, and they are less potentially annoying or vexatious to the successful litigant in the probate court—from whence the appeal is prosecuted to the circuit court of the county—when the one taking the appeal to the circuit court represents himself and all others similarly situated—than when he prosecutes the appeal solely in his own right, as will be seen from an examination of the statutes.

We, therefore, conclude that respondent at the time of filing this action in this court had made no ruling outside of his jurisdiction, nor had he made even an erroneous ruling, and which conclusion at once adversely determines petitioners' right to the relief sought by the filing of this action. It likewise renders it unnecessary to determine other requisites, as we have hereinbefore pointed out, i. e. whether petitioners have an adequate remedy, or if so whether they will suffer great and irreparable injury—both of which are necessary facts to be alleged and proven for the maintenance of this kind of proceedings in this court.

Wherefore, for the reasons stated, the motions for the prohibitory and mandatory writs prayed for are overruled, and the petition is dismissed, with a judgment in favor of respondent for his costs; the whole court sitting.