## Ragland v. Baxter.

Jan. 28, 1944.

458

William Hays for petitioner.

Glenn Ricketts for respondent.

OPINION OF THE COURT BY STANLEY, COMMISSIONER —Granting Writ.

This is an original action seeking a writ of mandamus requiring the judge of the Clark Circuit Court to dispose of a tendered bill of evidence and to enter a judgment with an exception and appeal.

We state the material substance of the petition.

In a divorce action, custody of a child was awarded her mother "with the understanding" that her paternal grandparents should have the privilege of taking the child to their home one day in each week, returning her to her mother in the late afternoon. On May 16, 1943, the grandparents did not return the child and they have refused to surrender her possession to her mother. They live in Richmond and she lives in Winchester. Notice was served on the grandparents that on May 24th the mother would move the Judge of the Clark Circuit Court at Richmond (which is in the same judicial district) for an order requiring the grandparents to return the child and to modify the judgment and deny them any right to her custody. Testimony was heard by the Judge on that day until he announced that he would adjourn the trial; that any additional evidence might be taken by depositions; that the grandparents could keep the child until further order of court, subject to the right of the mother to visit her there. The court declined to make an order to that effect, saying he was only adjourning the hearing.

A transcript of the evidence and the depositions was made and tendered with a motion that the court "examine, correct, approve and allow" it to be filed. This was on the last day of the September, 1943 term of the Clark Circuit Court. The judge orally announced his decision in the case. Counsel for the mother tendered a judgment prepared, as it is alleged, in accordance

with the decision and submitted it to the Judge a few days later in Richmond. It had been submitted to counsel for the defendants and he endorsed on it as his only objection his belief that it should not be entered because the father of the child, a defendant in the action, was in the army. He had testified on the hearing in May. There was no objection for the want of notice. The court declined to enter the judgment because it was not in accordance with his decision as orally announced. The Judge then dictated a judgment, but when counsel for the mother asked for an exception and the grant of an appeal the court stated "If you are going to except to your own judgment I will not enter any judgment."

Thus, according to the petition, the court has refused to do anything with the tendered bill of evidence or to enter any judgment in the case.

The defendant's answer, as amended, traverses generally the allegations of the petition and affirmatively pleads that he believed the judgment which he had dictated was what counsel for the mother desired but he had said it was not; that he advised counsel that if he would serve notice upon the defendants that he would make a motion in the case in Richmond on October 18th the case would be docketed and tried, but counsel declined and stated he would appeal; that what had been done in the case was on the last day of the term of the Clark Circuit Court and the case had been continued until the December term (although it is not alleged there was an order to that effect); that the respondent had no right to try in the Madison Circuit Court at Richmond a case which was pending in the Clark Circuit Court; that (when an amended answer was filed in this court) the Clark Circuit Court was in session and that there was a dispute between counsel for the parties as to the correctness of the bill of evidence taken in the divorce case in September, 1941; and that the plaintiff has not filed her proof in that case and it is not ready for submission or hearing.

This case is submitted to us upon a demurrer to the answer as amended. We think it should be sustained.

It was during term time that the proceedings with reference to the bill of evidence were had. The respondent offers no explanation for refusing to act upon the motion of the plaintiff in respect thereto. If the tender-

ed bill was not correct, it was the duty of the court to make such changes and corrections as would make it conform to the truth and then sign it and order it to be filed. Miller v. Tartar, 246 Ky. 52, 54 S. W. (2d) 606.

The proceeding in Richmond with reference to the judgment seems to have been by agreement of the parties under the provisions of KRS 23.150, for it does not appear that any objection was made to the time or place, the attorney for the grandparents objecting to the judgment drawn by the plaintiff's counsel only because the father of the child was in the army. Of course, the Judge did not have to enter that particular draft of the judgment if it did not conform to his decision; but he prepared one that did conform and refused to enter it only because the plaintiff asked for an exception and the grant of appeal. A party is entitled to such as a matter of right and the reason assigned by the Judge was arbitrary.

There is no power in this court, nor any inclination, to control the discretion of a trial judge in deciding a particular matter in a particular way, or to direct the court what judgment shall be entered. But a litigant has the constitutional right to have the court act seasonably and reasonably and to render some sort of judgment, and has the statutory right to have an appeal from that decision if he desires and it is within the power of the circuit court to grant it. Kelly v. Toney, 95 Ky. 338, 25 S. W. 264; J. B. B. Coal Co. v. Halbert, 169 Ky. 687, 184 S.W. 1116, 1117; Bernheim v. Wallace, 186 Ky. 459, 217 S. W. 916, 8 A. L. R. 938; Flinn v. Blakeman, 254 Ky. 416, 71 S. W. (2d) 961; Hargis v. Swope, 272 Ky. 257, 114 S. W. (2d) 75.

We sustain the demurrer to the answer as amended, and rule the plaintiff to be entitled to the relief prayed. A writ of mandamus will issue in accordance therewith.