## Taylor v. Stephenson

October 15, 1948.

Rehearing denied January 18, 1949.

Stoll, Muir, Townsend, Park & Mohney and John L. Davis for appellant.

Hobson & Scott for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Denying writ.

This is an original action for a writ of mandamus directed to the judge of the Pike Circuit Court to enter an order for the sale of land. After the death of the original respondent, Judge R. Monroe Fields, the case was revived against his successor in office, Judge E. D. Stephenson.

In action brought under an act of 1906, Chapter 22, Laws 1906, it was adjudged on February 14, 1908, that certain large bodies of land in Pike and other counties, aggregating nearly 450,000 acres, be forfeited to the Commonwealth for the nonpayment of taxes. The judgments were affirmed in Eastern Kentucky Coal Lands Corp. v. Commonwealth of Kentucky, 127 Ky. 667, 106

S. W. 260, 108 S. W. 1138, 32 Ky. Law Rep. 129. And on further appeal to the Supreme Court of the United States they were affirmed. Eastern Kentucky Coal Lands Corp. v. Commonwealth of Kentucky, 219 U. S. 140, 31 S. Ct. 171, 55 L. Ed. 137. The judgments specifically reserved all questions in issue other than the constitutionality of the act and the right of the Commonwealth to forfeit the lands.

It appears that no further action was taken in the case in Pike County in relation to what is designated as tract No. 21 until one of the defendants therein, George H. Taylor, filed a motion on May 10, 1947, for the entry of an order of sale thereof. The Commonwealth, through the Commonwealth's Attorney for the district, filed an objection. The petition of Taylor in this court alleges that Judge Fields had declined to enter an order of sale as prayed, "although it was the legal duty of the defendant to do so."

The response of Judge Fields files copies of the record since the making of the motion. It shows that testimony was heard proving the loss of the original records in the case other than the orders of the court. Judge Fields stated his willingness to conform with any views expressed by this court and, of course, to obey its orders. He added, however, that he had regarded the following order, which he had previously entered, as a final and appealable judgment. After reciting the current proceedings, the order continues: "and the court being of the opinion that by reason of the running of the Statute of Limitations and the operation of the doctrine of laches, the right of the said defendant to the relief requested in said motion has been barred. It is, therefore, ordered that said motion be and the same is hereby overruled, to which the defendant, George H. Taylor, objects and excepts."

Under the power granted to this court by section 110 of the Constitution to issue such writs as may be necessary to control courts of inferior jurisdiction, we may direct a circuit court to act in a given case when sufficient cause has been shown why he should take some sort of action, one way or another. But in an original proceeding this court will not control the judicial discretion of a trial court by mandatorily directing what

decision he shall make in a particular case. Speckert v. Ray, 166 Ky. 622, 179 S. W. 592, 4 A. L. R. 603; Ragland v. Baxter, 296 Ky. 457, 177 S. W. 2d 579.

Davidson v. Lewis, 159 Ky. 798, 169 S. W. 538, was an original proceeding to require a circuit judge to enter an order of sale of land adjudged to have been forfeited to the Commonwealth in a case companion to the Eastern Kentucky Coal Lands Corporation case, supra, in which a similar judgment had been entered in the Leslie circuit court. Kentucky Union Co. v. Commonwealth, 128 Ky. 610, 108 S. W. 931, 110 S. W. 398, 33 K. L. R. 9, 587, affirmed 219 U. S. 140, 31 S. Ct. 171, 55 L. Ed. 137. There is a controlling difference in the Davidson case and this one. The circuit court had refused to enter any kind of judgment in the subsequent proceedings for reasons set forth in the judge's response, copied in the opinion. The concluding part of the response is, "If the parties will show to the satisfaction of the court that any part of said land is subject to sale, the court is ready to and will enter a judgment selling same." We deemed the response as seeking the advice of this court, and that the reasons assigned by the judge for declining to enter a judgment were not sufficient.

In the present case, the circuit court had already acted and entered a final judgment before this proceeding was filed. The remedy of the aggrieved party is an appeal. Henry v. Harris, 221 Ky. 238, 298 S. W. 690; Stucker v. Jones, 261 Ky. 82, 87 S. W. 2d 110; Bastian Bros. Co. v. Field, 280 Ky. 727, 134 S. W. 2d 648.

Wherefore, the writ is denied and the petition dismissed.