CASE 120.—ACTION BY THE REGISTER NEWSPAPER CO., &C., AGAINST
D. A. YEISER, MAYOR, &C., FOR MANDAMUS.—APRIL 21.

# Register Newspaper Co., &c. v. Yeiser, Mayor, &c.

117   1013
130    616

### APPEAL FROM M'CRACKEN CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFFS APPEAL. REVERSED.

TAX-BILLS—SALE—ADVERTISING—MANDAMUS.

HELD 1. Under Kentucky Statutes, 1903, section 3186, relative to cities
of the second class, providing that on the first Monday in the
third month after each half year's tax-bill is due and unpaid, it
shall be returned by the treasurer to the auditor, and section
3187, providing that when the treasurer returns them to the
auditor, the auditor shall make out a list, and a notice that the
treasurer will on the first Monday in the next month sell each
of said tax-bills, and that the list and notice shall be published
two weeks in the city's official paper, the official paper may by
mandamus compel the sale to be advertised.

HENDRICK & MILLER, ATTORNEYS FOR APPELLANT.

Kentucky Statutes, section 3187, provides that "when the treas-
urer shall return the tax-bills to the auditor, the auditor shall
separate the personalty bills from the realty bills; the former
he shall deliver to the delinquent tax collector, taking his re-
ceipt for the same; from the latter he shall make out a list, giving
block and lot number and total tax due, and a notice that the
treasurer will on the first Monday in the next month sell at
the court house, or city building door, in the city at public auc-
tion to the highest bidder for cash each of said tax-bills, unless
they are in the meantime paid to the treasurer. The list on
notice shall be published for at least two weeks in the city's
official paper," &c.

This action was brought seeking to have a writ of mandamus
against the appellee as mayor and auditor of the city of Pa-
ducah to compel them to have a complete list of the tax-bills due
under this section published in the Register newspaper, which

is the official paper of the city, as required by said section. To which petition a demurrer was sustained by the court.

We submit that the writ of mandamus is the only appropriate remedy in this case.

The officer against whom the writ is sought is certainly a ministerial officer, and the act we are trying to force him to perform is certainly enjoined by the statute.

### AUTHORITIES CITED.

Bank of Commerce v. Stone, Auditor, 22 R., 70; Muhlenberg County v. Morehead, 20 R., 436; 3 Met., 494; 13 Bush, 334; 11 B. Mon., 154; 3 Bush, 144-231; 8 Bush, 106; 13 B. Mon., 150; 4 B. Mon., 150; 4 Bush, 490; 80 Ky., 336; 2 Duvall, 246; 83 Ky., 361 and 451.

E. H. PURYEAR, ATTORNEY FOR APPELLEE.

This action simply means a construction of section 3187, Kentucky Statutes, which we contend should be construed in connection with sections 3184, 3185, 3186 and 3187.

The whole question sifted down is, Did the Legislature intend and mean that on the first Monday in the third calendar month after each half year's bill is due, the treasurer shall tear out all tax-bills remaining unpaid at that time and return same to the auditor, taking his receipt therefor; the auditor to separate the personalty tax-bills from the realty tax-bills, and give the personal tax-bills to the back tax collector, and the realty tax-bills to the official newspaper to be published? or did it intend and mean that the tax-bills were not to be delivered to the official newspaper to be published until the treasurer had returned to the auditor the second half year's realty tax-bills and have made a full and complete settlement with the auditor and the same approved by the General Council; and he, having received his quietus for ad valorem taxes for the year, and then the auditor to deliver to said newspaper said tax-bills to be published? In other words, should the tax-bills be published once a year or twice a year? We contend that these statutes do not authorize or contemplate two separate advertisements and two separate sales, one every six months. There is no reason for it; it would add double cost to the taxpayer who was so unfortunate as to be delinquent for both the one-half year bills, and a lien on the realty sold would be created in favor of the purchaser, and if at the different sales there were different purchasers, then a lien would be on the property in favor of two different parties, with the right to bring two different suits to enforce them.

OPINION OF THE COURT BY JUDGE PAYNTER—REVERSING.

Paducah is a city of the second class. Sections 3184, 3185, 3186, and 3187 of the Kentucky Statutes of 1903 are parts of the act for the government of cities of the second class. Section 3184 fixes the dates when taxes are payable. Section 3185 directs that the assessment books shall be delivered by the auditor to the city clerk; that the city clerk shall make out the tax bills, and deliver them to the auditor, whose duty it is to deliver them to the city treasurer. Under the foregoing sections the taxes are due one-half the 1st of June and the other half the 1st of December in each year. Section 3186 provides that on the first Monday in the third calendar month after each half year's bill is due it shall be returned to the auditor. Section 3187 provides that when such tax bills are returned to the treasurer it is his duty on the first Monday in the next month to sell at the court house door or the city building door by auction to the highest and best bidder for cash each of the tax bills, unless they are in the meantime paid to the treasurer; that the list and notice shall be published for at least two weeks in the city's official paper. The owner of a lot has the right to redeem a tax bill within one year of the tax sale. The section then provides how the purchaser may enforce a tax bill. It will be observed that it is the tax bill which is ordered sold, not the lot, except it may thereafter be sold for the tax bill, interest, and penalty. It is expressly stated in the statute that after each one-half year's tax bill is due and unpaid the treasurer shall return it to the auditor. It is equally clear from the language of the statute that "on the first Monday in the next month" the sale shall take place. The language employed shows that the General Assembly

intended that a one-half year tax bill should be sold. The evident intention was to enforce prompt payment of the taxes due the city. The Register Newspaper Company, by the demurrer, is admitted to be the city's official paper. It being the duty of the city's officer to advertise the sale of property for taxes, the official paper has the right to require him by mandamus to discharge the duties imposed upon him by law.

The judgment is reversed for proceedings consistent with this opinion.