# Northern Kentucky Mutual Telephone Company v. Bracken County, et al.

(Decided May 13, 1927.)

(Rehearing Denied, with Modification, June 24, 1927.)

## Appeal from Bracken Circuit Court.

1. Telegraphs and Telephones.—Ky. Stats., Carroll's Edition 1909, section 4679b, now Ky. Stats., 1922 Edition, sections 4679d-1, 4679d-3, relative to telephone company's right to construct lines along public roads, was not repealed and re-enacted by Acts 1918, c. 119, which repealed Ky. Stats., Carroll's Edition 1915, section 4679b, relative to county engineers.

2. Telegraphs and Telephones.—Under Ky. Stats., 1922 Edition, section 4679d-1, when read in connection with Constitution, sec. 164, fiscal court cannot refuse sale of franchise to construct telephone line along highway after company's notice of wish to acquire such franchise, on ground that existing telephone system is sufficient, but only for interference with traveling.

3. Mandamus.—Where fiscal court refused sale of franchise to construct telephone lines along highway, on ground that existing system was sufficient, mandamus will lie to compel it to do so, though court cannot dictate terms on which it must offer such franchise.

4. Mandamus.—Discretion of fiscal court cannot be controlled by writ of mandamus.

M. J. HENNESSEY for appellant.

M. HARGETT, U. J. HOWARD and SILAS JACOBS for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

By this suit the appellant asked for a writ of mandamus compelling the appellees, as the fiscal court of Bracken county, to offer for sale a franchise to construct a telephone line along certain highways in that county. From a judgment dismissing its petition, the appellant appeals.

From the pleading and proof herein we find that the appellant, a Delaware corporation, is the owner of a telephone system in Robertson county, and especially in the town of Mt. Olivet, the county seat of that county. It is also the owner of a telephone system and exchange in the towns of Germantown and Augusta, the latter of which is in Bracken county and the former of which is partly in Bracken county and partly in Mason county. The appellant desired to connect up its system in Robertson

county with the exchanges in Germantown and Augusta, as well as to connect up the systems in these two towns. Being unable to secure the necessary rights of way through private lands without expensive condemnation proceedings, it made a request of the Bracken fiscal court that the latter offer for sale a franchise to erect a telephone line over certain public roads of that county over which the connecting lines would have to pass, the franchise to run for a period of 20 years or any other length of time within said period, and to be subject to such conditions and restrictions and terms as the fiscal court might deem advisable, even to the extent of providing that if the poles and lines were not constructed within 4 months from the sale of the franchise the same should be void and that the wires should not be placed on any poles carrying any electric power wires. The fiscal court refused to comply with this request on the ground, as its answer sets out, that there was already a telephone system in Bracken county, which had been operating therein for more than 20 years, and which had given satisfactory service to the people of that county at satisfactory prices, and which had reached every portion of the county where a telephone system was desired, and that to allow another system to come into the county would be uneconomical, would be an annoyance to telephone subscribers, and in the long run would prove costly to the telephone users of that county. The answer further averred that there was a corporation known as the Kentucky Power Company, engaged in the transmission and sale of electric current, and that this power company had erected its poles along the highways where the existing telephone system had its poles, and that the two pole lines were all that the fiscal court desired to be placed on the roads and highways of the county, and were all that were necessary to furnish the people of that county telephone and electric service. The answer then proceeded to set out at some length a conflict between the existing telephone system and the Kentucky Power Company, arising out of the alleged fact that the latter company had constructed its lines so close to those of the former company as to interfere by reason of electric induction with the telephone service, and also to add a physical hazard to the users of that service. The answer then averred that the appellant was an offspring of the Kentucky Power Company, with practical identity of officers and agents, and that those in charge of the power

company, who had attempted to destroy the existing telephone system, were those who were active in promoting the affairs of the plaintiff. The court, however, struck from the answer this allegation of identity and relationship. In the final analysis, the fiscal court rested its refusal to grant the franchise solely on the ground that it did not desire any more pole lines on the highways of Bracken county than were already there, because the system which was there was furnishing adequate service. However correct the fiscal court may have been in its position from the point of view of economics, yet the question remains whether it was justified in taking such a position, under the powers granted it by the Legislature. Section 4679d-1 of the Kentucky Statutes 1922 Edition reads:

> "That any telephone company chartered and incorporated under the laws of this or any other state, partnership or individual, shall upon making just compensation as hereafter provided, have the right to construct, maintain and operate telephone lines through any public lands of this state and on and across and along all public roads and turnpikes, and across and under any navigable waters and on and across the land of any person: Provided, that fixtures of said company shall not interfere with the travel on and along said roads, nor obstruct the navigation of said waters."

This section was numbered 4679b in the 1909 Edition of Carroll's statutes and was so referred to in the case of Christian-Todd Telephone Co. v. Commonwealth, 156 Ky. 557, 161 S. W. 543. Counsel for the appellees are laboring under the impression that the section above quoted was repealed and re-enacted by chapter 119 of the Acts of 1918. That act did repeal section 4679b of Carroll's 1915 edition of the Kentucky Statutes, but between the publication of the 1909 edition and that of the 1915 edition of the Statutes, the numbering of the sections had been shifted. The section numbered 4679b in the 1909 edition became 4679d in the 1915 edition and the number 4679b in the latter edition was given to an act having to do with county surveyors. The act of 1918 which repealed and re-enacted section 4679b of the 1915 edition dealt entirely with the subject of county road engineers and had nothing to do with section 4679d-1 now under consideration. So far as we have

been able to discover, section 4679d-1 of the 1922 edition of the Statutes, which is section 1 of chapter 71 of the Acts of 1904, has never been modified or affected by any legislation subsequent to the date of its enactment.

As stated, sections 4679d-1—4679d-3 of the 1922 edition of the Statutes were before this court as section 4679b of the 1909 edition in the Christian-Todd Telephone Co. case, supra. In considering this section in that case, we said that, in order to enjoy the rights conferred upon it by this section, a telephone company must first procure from the county a franchise to erect its poles in and along the public roads of the county. We further held that this section must be read in connection with section 164 of the Constitution and those sections of the statutes vesting in the fiscal court the general charge and supervision of the public roads and bridges of the county, and that when these sections were read together they disclosed that it was the evident purpose of the Legislature to give to telephone companies the right to require the fiscal courts of the counties to offer for sale a franchise for the purpose of erecting wires and poles along the highways of the county on such terms and conditions and for such periods of time within the limits prescribed by section 164 of the Constitution as the fiscal court might deem proper, providing the erection of such a telephone line would not, in the judgment of the fiscal court based on the exercise of its sound discretion, interfere with the use of the public roads and bridges of the county for the purpose of public travel. We said:

> "It cannot be said, however, that the failure of section 4679b (sections 4679d-1—4679d-3) to provide a method whereby a fiscal court in case of its arbitrary refusal to act, may be compelled to grant to a telephone company the use of the public roads of the county for the erection, maintenance and operation of its poles and lines, or that its failure to provide a method for ascertaining what compensation shall be paid the fiscal court for such use of the public roads by the telephone company, would leave the latter without a remedy. If a fiscal court should be notified by a telephone company, prepared to do business in the county, of its wish to acquire a franchise authorizing the use by it of the public roads of the county for the erection and maintenance of the poles and lines necessary to the conduct of its busi-

ness, and the fiscal court should refuse to offer for sale, as provided by section 164 of the Constitution, such a franchise, the telephone company could, by the writ of mandamus, compel it to do so.''

While the determination of the precise question thus stated and answered was, perhaps, not essential to the disposition of that case, the construction the court put upon section 4679d-1—4679d-3 was a sound construction and arrived at after due consideration and deliberation. We adhere to it. The question then presented by this case is whether or not the answer of the defendants, to which a demurrer was overruled, stated any defense to the plaintiff's cause of action. The fiscal court did not base its refusal to offer the requested franchise on any ground that the proposed telephone line would interfere in the slightest with public travel in and along the highways involved, but solely on the ground that the existing telephone system was sufficient for the needs of the county. We are unable to find in the statutes any authority for the fiscal court to refuse the desired franchise on this ground. Section 4679d-1 when read in the light of the sections of the statutes vesting the power over the county roads and bridges in the fiscal court undoubtedly requires the fiscal court to offer the requested franchise unless the erection of such a telephone line would, in the judgment of the fiscal court based on the exercise of its sound discretion, interfere with public travel along the highways. No such interference appears here.

It is urged by the appellees, however, that whether or not a franchise should be granted is a matter of discretion and that discretion can never be controlled by a writ of mandamus. The latter proposition of course must be conceded, and, had the fiscal court based its refusal to offer the requested franchise on any ground concerning which it had a right to exercise its discretion, it might be correct in its present contention. But, where the refusal to offer the franchise was based entirely on a ground concerning which the fiscal court had no right to exercise any discretion, such refusal amounted to a refusal to act at all. While, of course, we cannot direct the fiscal court as to the terms and conditions on which it must offer the requested franchise, yet we may require the court to offer a franchise on such terms and conditions as seem fit to it. It is settled that a mandamus lies to compel an inferior judicial tribunal to act, but not

to control its judgment. Cassidy v. Young, 92 Ky. 227, 17 S. W. 485, 13 Ky. Law Rep. 512; Galbraith v. Williams, 106 Ky. 431, 50 S. W. 686, 21 Ky. Law Rep. 79. And see, also, J. B. B. Coal Co. v. Halbert, Judge, 169 Ky. 687, 184 S. W. 1116. And so here, while we cannot tell the fiscal court on what terms and conditions it should offer the requested franchise, we may require it to offer a franchise on such terms and conditions as seem meet to it. Indeed, this is all that the appellant asks in the prayer of its petition. It results, therefore, that the lower court erred in dismissing the appellant's petition, and its judgment is reversed with directions to grant a writ of mandamus in accordance with the prayer of the petition.