## Potter, et al. v. Gardner, Judge.

(Decided December 9, 1927.)

### Petition for Writ of Prohibition.

1. Prohibition.—Under the Civil Code, if an inferior court is proceeding out of its jurisdiction, it may be restrained by a writ of prohibition sued out in circuit court, in which case Court of Appeals will not take original jurisdiction to prohibit such inferior court, but will require petitioner to institute proceedings in circuit court.

2. Prohibition.—Where inferior court is proceeding within its jurisdiction, though erroneously, and there is no adequate remedy by appeal, Court of Appeals, under Constitution, sec. 110, will take cognizance of matter by prohibition.

3. Prohibition.—Although landowner in condemnation proceedings by telephone and telegraph company may, under Ky. Stats. 1915, sec. 4679c-8, appeal directly to Court of Appeals from judgment of county court and bond may be required of condemner, money damages would not adequately compensate owner for damages, and hence, remedy by appeal being inadequate, Court of Appeals has jurisdiction of proceeding by prohibition.

4. Eminent Domain.—Even though Ky. Stats. 1915, sec. 4679c-3, as to procedure by telephone companies in condemning right of way over private property was impliedly repealed by Ky. Stats. 1922, sec. 840a, such procedure, in so far as it is incorporated by reference in section 4679d-2 is still a part of the procedure prescribed by such latter section.

5. Eminent Domain.—Ky. Stats. 1915, sec. 4679c-3, providing that petition in condemnation proceeding by telephone company shall state that it has complied with Constitution, held not, under Constitution, secs. 194, 199 and 211, and in view of Ky. Stats., 1922, sec. 4679d-1, to require foreign telephone and telegraph companies, who have qualified themselves to do business in state, to domesticate themselves as foreign railway companies, are required by Ky. Stats., sec. 765, in order to condemn right of way over private property.

FINN & SIMS for petitioners.

RODES & HARLIN and S. B. NAFF for respondent.

OPINION BY JUDGE DIETZMAN—Overruling petition for writ of prohibition.

This is an original proceeding in this court wherein the petitioners are seeking a writ of prohibition against the respondent, who is the county judge of Warren county, to prevent him trying certain condemnation proceedings now pending in his court. The petitioners, who are landowners in Warren county, are the defendants in the condemnation proceedings referred to and which were brought by the Southern Bell Telephone & Telegraph Company for the purpose of condemning a right of way through such lands for a telephone line. It is conceded that the county court has jurisdiction to try this character of cases, but it is insisted that the Southern Bell Telephone & Telegraph Company, a foreign corporation which has not domesticated itself as foreign railroads are required to do (see Kentucky Statutes, section 765), has no authority to institute such condemnation proceedings. The defendants in those proceedings, petitioners here, raised the issue in the county court of the right of the telephone company to condemn, and the respondent, as the judge of that court, ruled against them. They then brought this proceeding to prohibit the respondent from further proceeding in the matter. As a ground for their action the petitioners aver that, although this matter is within the jurisdiction of the county court, the latter is proceeding erroneously and the petitioners have no adequate remedy by appeal. Under the Civil Code, if an inferior court is proceeding out of its jurisdiction it may be restrained by a writ of prohibition sued out in the circuit court in which state of case this court will not take original jurisdiction to prohibit such inferior court but will require the petitioner to institute his proceeding in the circuit court. Henry v. Harris, Judge, 221 Ky. 238, 298 S. W. 690. Where, however, the inferior court is proceeding within its jurisdiction, though erroneously, and there is no adequate remedy by appeal, this court under the authority vested in it by section 110 of the Constitution will take cognizance of the matter and will prohibit the inferior court from proceeding further. Natural Gas Products Co. v. Thurman, Judge, 205 Ky. 100, 265 S. W. 475. If the telephone company has no right to condemn the right of way here sought, any adjudication by the county court that it has such right undoubtedly will work a grave injustice to these petitioners.

While it is true that the landowner may appeal to this court directly from the judgment of the county court (Kentucky Statutes, 1915 Edition, sec. 4679c8), and while it is true that the statute provides that, by executing the bond therein prescribed, the telephone company may take possession of the property and erect its line, from which it may be argued that if the judgment be reversed the telephone company would be responsible on its bond for whatever damages it had caused by reason of the erection of the line, yet conceding all this, reflection must convince one that such money compensation for such damages would not put the landowner in statu quo. Money damages cannot restore beautiful shade trees cut down or other injury done to the landscape, for which reason we are of opinion that the remedy by appeal in a case like this is not an adequate remedy within the meaning of the rule covering these prohibition proceedings. This court therefore has jurisdiction of the present proceeding.

There are two statutes in this state which are closely connected. One is called the telephone statute, and the other is the telegraph statute, the latter being the older one. Rather curiously, telegraph companies have never had the power of eminent domain over private property given to them. For some time prior to 1916 they were vested with the power of eminent domain not only over the public lands of this state and on and across and along all highways and turnpikes and across and under any navigable waters as they now have, but also on and along and upon the right of way and structures of any railroad in this state. This power of eminent domain over railroad rights of way was divested from telephone companies by chapter 15 of the Acts of 1916, now section 840a of the Statutes. On the other hand, telephone companies, not only those chartered in this state, but also those chartered in any other state (see Kentucky Statutes, sec. 4679d1), have always been vested with authority to condemn a right of way over private property. By Kentucky Statutes, sec. 4679d2, the procedure in such condemnation proceedings is required to be "substantially the same as is provided in chapter 125a (section 4679a, Kentucky Statutes) in respect to proceedings to acquire the right of way for telegraph companies." It will be noted that the section of Kentucky Statutes is referred to as section 4679a, whereas the section number now

given to chapter 125a is 4679c. The changing of the letter to this section's number is referred to in Northern Kentucky Mutual Telephone Co. v. Bracken County, 220 Ky. 297, 295 S. W. 146. The procedure set out for con·demnation proceedings in section 4679c3, Kentucky Statutes, 1915 Edition, et seq., has to do almost exclusively with condemnation proceedings over rights of way of railroads. The editor to the 1922 Edition of the Statutes says that these sections were impliedly repealed by chapter 15 of the Acts of 1916, now Kentucky Statutes, sec. 840a. Conceding the editor to be right in this statement, we must yet remember that in so far as these proceedings were incorporated by reference in Kentucky. Statutes, sec. 4679d2, they are yet a part of this latter section. In Burns v. Kelley, 221 Ky. 385, 298 S. W. 987, we held that when a statute adopts a part or all of another statute by a specific and descriptive reference thereto, the adoption takes the statute as it existed at that time, and the subsequent amendment or repeal of the adopted statute has no effect on the adopting statute unless it is also repealed expressly or by necessary implication. It therefore follows that the procedure set out in Kentucky Statutes, sec. 4679c3, is still a part of the procedure prescribed by section 4679d2, with whatever limitation this latter section puts upon it. It is conceded that the telephone company in the proceedings in the county court has complied with all of the requirements of section 4679c3 unless it be that it failed to aver that it had become a domestic corporation. Whether it is required to do so turns on whether or not section 4679c3 of the Kentucky Statutes, 1915 Edition, makes any such requirement. In that section in stating what the petition in the condemnation proceedings brought by a telegraph company to obtain a right of way over the right of way of a railroad company or a turnpike shall contain, it is provided that the petitioner shall in its petition designate "the railroad or turnpike as the case may be, and the particular use, right, easement or privilege sought to be condemned, and shall state the name of the petitioner, where incorporated, how, and in what manner, . . . and that it has complied with the Constitution of this commonwealth in regard to *such* corporations seeking to exercise right of eminent domain." (Italics ours). The petitioners here argue that the word "such" in the quoted phrase means railroad corporations, and that as section 211 of the Con-

stitution provides that before a foreign railroad corporation may acquire the power of eminent domain in this state it must domesticate itself, and that as the statute under which the telephone company seeks to condemn this property puts telegraph and therefore telephone companies in the same category with the railroad companies, a failure on the part of the telephone company to allege that it has domesticated itself renders its petition in the condemnation proceedings fatally defective. It is not contended that the Legislature could not vest the right of eminent domain in foreign corporations of the character to which the right of eminent domain could be confided. Indeed, this court in the case of Goose Creek Lumber Co. v. White, 219 Ky. 739, 294 S. W. 495, expressly held that the Legislature could do so. By section 4679d1 of the Statutes, it is provided that any telephone company whether incorporated under the laws of this or any other state shall have the power of eminent domain. Section 4679c1 of the Statutes vests a like power in telegraph companies whether incorporated under the laws of this or any other state, although such power does not extend over private property as does that of telephone companies. We thus see that the Legislature was attempting to vest a power of eminent domain in telephone and telegraph companies, regardless of the fact whether they were domestic or foreign corporations. Of course, if the latter, such companies would have to qualify themselves to do business in this state (Kentucky Statutes, sec. 571), but that is a different thing from a requirement that they must domesticate themselves as foreign railroads are required to do under section 211 of the Constitution and section 765 of the Statutes. Did the Legislature mean by the use of the word "such" in section 4679c3 of the Statutes to take away the power thus vested in foreign telephone and telegraph companies, who have qualified themselves to do business in this state, unless they domesticate themselves as foreign railroad companies are required to do by section 765 of the Statutes? To give to the word "such" this interpretation put upon it by the petitioners would be to give it a very strained construction, indeed. The whole section where this word is found is dealing with what the telegraph companies shall state in their petitions in these condemnation proceedings. Grammatically, the word "such" refers to telegraph companies. To say that it refers to railroad companies would require us to ignore the plain mean-

ing of the statute and to give it, as stated, a very strained construction. Section 199 of the Constitution puts certain duties upon telephone and telegraph companies. Section 194 of that instrument puts certain other duties on all corporations, domestic and foreign. The provisions of section 4679c3 under discussion simply means that the petitioner shall aver that it has complied with the provisions of the Constitution as have to do with telegraph or, if it be a telephone company involved, tele-. phone companies. Such a construction is the natural and obvious one to put on this provision of section 4679c3 and carries out the plain and expressed intent of the Legislature to vest a power of eminent domain in all telephone and telegraph companies whether domestic or foreign. As it is conceded that the telephone company here has complied with all the provisions of the Constitution applicable to it unless it be section 211 of that instrument, and as that section only applies to foreign railroad companies, and section 4679c3 does not put telephone or telegraph companies in the same category as that of such railroad campanies, it follows that the respondent did not err in adjudging that this telephone company had the right, so far as its petition in the condemnation proceedings disclosed, to condemn the rights of way sought. The motion for a writ of prohibition is therefore overruled.

Whole court sitting.