# Blenke et al. v. Caldwell, Circuit Judge.

(Decided Oct. 27, 1933.)

ODIS W. BERTELSMAN for petitioners.
BARBOUR & BASSMAN for respondent.

OPINION BY JUDGE PERRY—Dismissing petition for writ of prohibition.

This case is before us upon the original petition of Joseph M. Blenke, asking that a writ of prohibition be issued against the defendant, the Honorable A. M. Caldwell, judge of the Campbell circuit court, upon the ground, as he contends, that the respondent is proceeding beyond his jurisdiction in entertaining action or assuming jurisdiction in the case of Victoria Nassano et al. v. Joseph F. Blenke et al., instituted in the Campbell circuit court against the petitioner, through his having therein overruled the special demurrer to said action and in granting the temporary injunction therein sought against petitioner as defendant therein.

On April 17, 1933, Rose Blenke died without issue and intestate, leaving surviving her as her next of kin and heirs at law two brothers, a sister, two children of a predeceased sister, and her husband, the petitioner herein, Joseph F. Blenke, who, it appears, on April 24 next following his wife's death, qualified as her administrator by making bond as such in the amount of $2,000.

Shortly after petitioner's appointment and qualification as administrator, he, by an ex parte proceeding in the Campbell county court, secured an order adjudg-

ing him to be the owner of certain shares of stock left by his deceased wife, Rose Blenke, of the estimated value of $8,000, that the same were not the property of decedent's estate and consenting to their being transferred to Joseph Blenke individually.

Upon the discovery by the next of kin that such order had been made, it was, upon their motion, set aside by the court and shortly thereafter, in July, 1933, they filed an action in the Campbell circuit court against Joseph Blenke, as administrator, therein alleging that Rose Blenke had died intestate, the owner of certain stocks, bonds, and cash of the value of some $18,000, of which the defendant had, by fraudulent misrepresentation of its value, secured possession and administration upon making in the Campbell county court official bond for only $2,000, and further charging that he was attempting to and would fraudulently convert said property to his own use, unless enjoined by the court from selling and disposing of it; that the administrator was threatening to remove from the state, and had already removed therefrom, these stocks and bonds held by him as administrator; all of which together presented a situation requiring the jurisdiction of a court of equity to protect the interests of the next of kin, one of whom was a lunatic and another an infant, and prayed that they be adjudged to be the owners of the estate as the heirs at law of the decedent, Rose Blenke, subject only to the marital rights therein of the defendant Joseph Blenke, be required to make settlement thereof with the injunction restraining him from disposing of it, and further prayed that the court take jurisdiction of the settlement of the estate and that its administrator, Joseph Blenke, be required o make settlement thereof with the master commissioner of the court.

Blenke appeared in opposition to plaintiff's motion for an injunction against him, and filed both a special and general demurrer to the petition, denying the court's right of jurisdiction in the case and the legal sufficiency of the petition. Both demurrers were overruled and the temporary injunction granted as sought by plaintiffs. Thereupon Joseph Blenke, defendant therein, filed in this court his petition with notice, seeking a writ of prohibition against the presiding judge of the lower court, the Honorable A. M. Caldwell,

prohibiting his further proceeding in the action until finally adjudicated by this court.

By the petition here before us, the petitioner traverses the material allegations made by the plaintiff in what is termed their "settlement. action," filed, as stated in the Campbell circuit. court, and pleads that the respondent, as its presiding judge, should have sustained petitioner's special demurrer filed thereto and have dismissed the petition seeking settlement of the Rose Blenke estate and an injunction against the defendant's fraudulent sale and disposition . of the estate property, which had come into his hands as its administrator, upon the alleged .grounds that the suit was filed in violation of the provisions of 'section 428 of the Civil Code of Practice, in that it was one to settle the estate of Rose Blenke and was filed against its administrator within less than six months after his qualification as such, and, further, that the court's taking jurisdiction thereof hindered and interfered with the orderly administration of the estate in the county court, which court only had jurisdiction thereof, and would result in requiring excessive litigation, injurious to the interest of the parties, and he therefore prayed for a writ of prohibition against the defendant, the Honorable A. M. Caldwell, presiding judge of the Campbell circuit court, prohibiting his further proceeding in the said action, and adjudging the said court to have proceeded beyond its jurisdiction in entertaining the action and that its rulings therein made be declared void.

Turning our attention to the consideration of the grounds upon which the writ of prohibition is here asked, it is to be noted that the complained of action of the lower court herein, in assuming jurisdiction of said cause and granting a temporary injunction therein, even if it be conceded that the suit was one for the settlement of the Blenke estate and was prematurely brought by one other than its administrator, the suit was yet one where the court had jurisdiction, both of the person of the defendant and of the subject-matter of the suit. The circuit court is a court of general jurisdiction, and is also, by the express provisions of section 428 of the Civil Code of Practice, given jurisdiction of the settlement of estates. Therefore, even if in the instant case the court is to be regarded as having erroneously acted in assuming. jurisdiction of a suit,.

prematurely brought against the defendant administra-
tor (that is, within less than six months after his quali-
fication as such) to settle the estate of Rose Blenke, yet,
the matter presented was not one without or beyond its
jurisdiction. If the complained of action of the court
was premature, as being in violation of the provisions
of section 428 as to the time in which instituted, the
petitioner had his option of proceeding under sections
296 and 297 of the Civil Code of Practice for a disso-
lution of the injunction allowed against him, or of tak-
ing an appeal therefrom upon final judgment. Neither
of these courses, however, has the petitioner seen fit to
pursue, but has sought by this, his original action
brought in this court, a writ of prohibition against the
trial judge, which is in effect an application to this
court to review the decisions of the respondent as
though upon appeal and, if the judgment of this court
proved not in conformity with his decisions, to in effect
require him to reverse his judgment and to dismiss the
proceeding. We are unable to concur with the peti-
tioner in his contention that, under the facts and cir-
cumstances shown in the instant case, such procedure
chosen by him is the proper one to be pursued, from
which it follows that his motion for a writ of prohibi-
tion based thereon, we conclude, is not to be sustained.

In the case of Ohio River Contract Co. v. Gordon,
170 Ky. 412, 186 S. W. 178, 181, the rule is thus stated:

"In no instance has a writ of prohibition been
allowed against a court proceeding out of its juris-
diction or erroneously within its jurisdiction when
any other adequate remedy for the threatened
wrong existed, which was adequate. If the right
of appeal exists and it is an adequate remedy, the
complaining party must be relegated to his remedy
through appeal. A review of all the cases decided
by this court upon application for writs of prohi-
bition under section 110, supra, sustains the view
that the writ is granted as a matter of sound dis-
cretion, determined upon the facts of the parti-
cular case, which must present an exceptional or
unusual state of facts, which make it apparent that
an injury or violation of one's rights is threatened,
and against the results of which he has no adequate
remedy, other than the writ of prohibition. [Nu-

merous cases are cited so declaring and supporting the said rule.]

"In the case at bar, it appears that the respondent has already heard and decided, in the court over which he presides, the issues made as to the juridiction of the person and subject-matter of the action in due course of judicial procedure, and before the petition herein was filed. These were mixed questions of law and fact. The judge of the Jefferson circuit court must necessarily exercise his judicial discretion and hear and decide the issues."

To like effect is the case of Clapp et al. v. Sandige, Special Judge, 230 Ky. 594, 20 S. W. (2d) 449, 451, where the same rule was reannounced in this language:

"Section 110 of the Constitution confers upon this court power to issue such writs as may be necessary to give a general control of inferior jurisdictions, and numerous precedents have been established in construing and applying that particular provision of the fundamental law. The writ of prohibition will be issued to restrain an inferior court from proceeding beyond its jurisdiction (Ketcham v. Manning, 212 Ky. 325, 279 S. W. 344; Com. ex rel. v. Yungblut, 159 Ky. 87, 166 S. W. 808; Jenkins v. Berry, 119 Ky. 350, 83 S. W. 594 [26 Ky. Law Rep. 1141]), and likewise where the inferior court is acting within its jurisdiction, but proceeding erroneously, if the action may result in great injustice or irreparable injury for which no other adequate remedy appears available (Potter v. Gardner, 222 Ky. 487, 1 S. W. (2d) 537; Natural Gas Products Co. v. Thurman, 205 Ky. 100, 265 S. W. 475), and also, in the exercise of a sound discretion, the writ may be granted in extraordinary cases, when the exigencies are so exceptional that no other remedy is adequate to prevent a miscarriage of justice (Fleece v. Shackelford, 204 Ky. 841, 265 S. W. 460; Western Oil Ref. Co. v. Wells, 180 Ky. 36, 201 S. W. 473; Ill. Cent. R. Co. v. Rice, 154 Ky. 198, 156 S. W. 1075)."

Also, for further restatements of this same well-established rule, see the cases of Allen, Commonwealth's Atty. v. Bach, District Judge; 233 Ky. 501, 26 S. W.

(2d) 43; Potter et al. v. Gardner, Judge, 222 Ky. 487, 1 S. W. (2d) 537; Ledford v. Lewis, District Judge, 227 Ky. 396, 13 S. W. (2d) 276.

We therefore, considering the principle, doctrine, and holding of these cases cited, supra, as adversely controlling the merit of the petitioner's motion here made for a writ of prohibition, conclude, on the authority of said cases, that the said motion should be, and it is hereby, overruled, and the petition dismissed.