## Union Trading Co. v. Hubbard, Judge

(Decided Jan. 26, 1934.)

DOOLAN & DOOLAN for petitioner.

ROBERT A. PERSKY for respondent.

OPINION BY CHIEF JUSTICE REES—Denying writ of prohibition.

This is an original proceeding in this court in which the petitioner, P. C. Mathes, trading and doing business as Union Trading Company, seeks a writ of prohibition against Hon. Eugene Hubbard, judge of the Jefferson circuit court, common pleas branch, Fourth division, prohibiting him from proceeding to enforce an alleged erroneous judgment for $108.75 obtained by one John

S. Sanders against petitioner. The petitioner also seeks a modification of that judgment.

John S. Sanders instituted an action in the Jefferson quarterly court against the petitioner on October 13, 1932, to recover the sum of $150 which he alleged he had paid to P. C. Mathes, trading and doing business as Union Trading Company, as usury between June, 1929, and November, 1931. The defendant in that action pleaded and relied on the one-year statute of limitations. From a judgment rendered against him in the Jefferson quarterly court, Mathes appealed to the Jefferson circuit court where a judgment was rendered against him for $108.75 on November 8, 1933. Mathes filed a motion for a new trial which was overruled on December 29, 1933, by Hon. William Krieger, judge of the Jefferson circuit court, common pleas branch, Fourth division. The petitioner on January 5, 1934, filed before the respondent, who had succeeded Judge Krieger, a motion to set aside the order theretofore entered, overruling his motion for a new trial. That motion was overruled and, on January 9, 1934, an execution was issued by the clerk of the Jefferson circuit court against the petitioner in favor of John S. Sanders for the sum of $108.75.

It is alleged in the petition herein that John S. Sanders had paid to the petitioner as usury within the year next prior to the filing of his suit only the sum of $5 and the balance recovered by him was barred by limitations; that other suits of a similar nature in which the amounts involved are insufficient to give this court jurisdiction on appeal are being threatened by other persons who had borrowed money from petitioner; that he has no adequate remedy by appeal or otherwise, and will suffer great and irreparable injury unless the judgment in the Sanders case is modified and the respondent prohibited from proceeding to enforce the judgment.

It is conceded that respondent is acting within his jurisdiction, but it is contended that he is proceeding erroneously and his action will result in great and irreparable injury to petitioner, for which no adequate remedy is available other than a writ of prohibition. In effect, petitioner, by this original action, seeks a review by this court of the judgment of an inferior court and a modification of that judgment, of which this court has

no jurisdiction on appeal because of the small amount involved.

The limitations within which this court may issue writs of prohibition against inferior courts, under section 110 of the Constitution, have been defined in a number of recent cases. L. W. Henneberger Company's Assignee v. Price, Judge, 252 Ky. 402, 67 S. W. (2d) 471, decided January 19, 1934; Blenke v. Caldwell, Judge, 251 Ky. 46, 64 S. W. (2d) 428; Osborn v. Wolfford, Judge, 239 Ky. 470, 39 S. W. (2d) 672; Clapp v. Sandidge, 230 Ky. 594, 20 S. W. (2d) 449; Litteral v. Woods, 223 Ky. 582, 4 S. W. (2d) 395, 397.

Petitioner cites and relies upon Natural Gas Products Company v. Thurman, Judge, 205 Ky. 100, 265 S. W. 475, in support of his contention that this court will prohibit an inferior court in a case where, though acting within its jurisdiction, it is acting or threatening to act erroneously and great injustice and irreparable injury will result to the applicant unless a writ of prohibition is issued and there exists no other adequate remedy by appeal or otherwise. In the Thurman Case a large and lucrative business was about to be absolutely destroyed because of the erroneous ruling of the trial court. That fact supplied the element of great and irreparable injury necessary to authorize this court to exercise the discretion vested in it by section 110 of the Constitution. The facts pleaded in the instant case do not bring it within the ruling of the Thurman Case. While it is alleged that other claimants are threatening to sue petitioner to recover alleged payments of usury made by them and which are barred by limitations, the number and amounts of these claims are not stated and no showing is made that petitioner will suffer great injustice and irreparable injury as defined in the opinions in the cases heretofore cited, an essential element which must appear before this court will issue the writ he seeks. As said in Litteral v. Woods, supra:

"If the contention of plaintiff in this case should be followed and the relief for which he prays be granted, then in every case where an inferior court to this one was about to render an erroneous opinion his action could be controlled by the proper writ from this court issued in an original application therefor, and thus the law relating to the grant-

ing of appeals, and limiting our jurisdiction thereof, would become effectually repealed and set aside."
And further in the same opinion:

"It is sufficient to say that in this case the plaintiff, by the erroneous ruling complained of, might sustain the loss of a judgment for a small amount of money, but it is not such great and irreparable injury as above outlined so as to call for the exercise of the jurisdiction asked by this original action."

The demurrer to the petition is sustained, the petition dismissed, and the motion for a writ of prohibition is denied.