## Board of Education of Newport v. City of Newport et al.

May 24, 1940.

Roger L. Neff, Jr., Judge.

Lorimer W. Scott for appellant.

Carl H. Ebert, Walter J. Burke and William J. Heringer for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

The appellant, Board of Education of Newport, is an independent school district composed of the city of Newport, a city of the second class, and its territorial limits are those of the city. In accordance with Sections 3219 and 4399-40, Kentucky Statutes, the appellant annually ascertains the amount of money necessary to maintain the city schools and it is the duty of the Board of Commissioners of the city to levy and collect a tax sufficient to raise this sum. The city treasurer is the tax collecting officer of the city and by virtue of his office as such is also collector for the appellant since no independent tax collector has ever been appointed by appellant. The present action was filed by appellant against the appellees, city of Newport and its officers, J. B. Morlidge, city manager and Clem A. Voet, director of finance and city treasurer, praying for an order of mandamus to require appellees to proceed pursuant to Section 3187, Kentucky Statutes, to sell at public auction all property in the city upon which there were existing tax liens. The trial court sustained a demurrer to the petition and, appellant declining to plead further, its petition was dismissed, which action resulted in this appeal.

Section 3187 provides that on the second Monday in December of each year, or as soon thereafter as practicable, the treasurer (of second class cities) *shall* sell a sufficient amount of real estate of each delinquent taxpayer to satisfy the unpaid taxes of such delinquent with interest and penalties and for the cost of advertisement and sale. This section has been in existence in practically its present form since 1894, but by the Act of 1918, c. 111, it was repealed and re-enacted in substance and by that chapter a comprehensive plan was adopted for the collection of taxes in cities of the second class. Section 3187d, a part of that act, provides in part that in addition to the powers given to cities of the second class for the collection of taxes by sale of the delinquent property such city shall have the power to enforce the collec-

tion of taxes and the lien therefor on the property of the delinquent by any and all remedies given by general law for the recovery of debt and that suit for the collection of taxes may be instituted at any time after the taxes become delinquent. Section 3186, a part of the Act of 1918, provides, in part, that as soon as taxes become delinquent the treasurer may distrain and sell sufficient personal property of the delinquent to satisfy the taxes. Section 3187j provides in part that the remedies given in the Act are cumulative and that each of the remedies is in addition to other remedies given in the Act and in addition to other remedies now provided by law or that may thereafter be provided by law.

While Section 3187 provides that delinquent tax sales *shall* be made on the second Monday in December, or as soon thereafter as practicable, nevertheless the treasurer, as tax collector, is by the above mentioned sections of the Statutes vested with power to collect taxes by other remedies than delinquent sales, that is, he may distrain and sell personal property of the delinquent or he may proceed by ordinary suit and attachment or other remedy provided by law for the collection of debt. This being true, a discretion is vested in the treasurer as to the manner in which he will proceed to collect the delinquent taxes and mandamus will not lie to compel him to exercise this discretion in a particular manner. In McQuillan Municipal Corporations, second edition, Section 2712, it is said:

"Where the person against whom the writ (mandamus) is sought is vested with judicial or official discretion, the general rule is that while such person may be compelled by mandamus to exercise his discretion, he cannot be compelled to exercise it in a designated manner; that is, mandamus will not direct how it should be exercised or what conclusion or judgment shall be reached."

To the same effect are Combs v. State Board of Education, 249 Ky. 320, 60 S. W. (2d) 957 and Northern Mutual Tel. Co. v. Bracken County et al., 220 Ky. 297, 295 S. W. 146.

The appellant is not concerned with the manner in which the treasurer proceeds to collect taxes, since a full and complete remedy is provided it by Section 3189. That section provides that the treasurer shall account

for all tax bills which came into his hands for collection by showing:

"(1) that he has collected said bills and turned the money over to the city; or (2) that he has sold the property of the delinquents and purchased the same for the city; or (3) that no property can be found from which to collect the tax bills; or (4) that for some other good and sufficient reason they are uncollectible."

That section further requires the treasurer to make a full, written report to and settlement with the general council and he may be exonerated from taxes only in one of the four methods mentioned. That section also provides that in cases of failure or omission of the treasurer to collect tax bills the treasurer and the sureties on his official bond shall be liable to the city for such uncollected taxes. In short, the method of collection of the taxes is similar to that provided by law for the collection of taxes for the county board of education by sheriffs. The county board ascertains the amount necessary for school purposes and certifies it to the Fiscal Court who makes the levy, which in turn is collected by the sheriff. The sheriff makes settlements with the Fiscal Court and is responsible for all tax bills coming into his hands from which he may be exonerated only in the manner provided by law. Similarly the treasurer of the city is charged with the amount of tax bills coming into his hands and, where the delinquent taxpayer has real estate, may only be exonerated by showing that he has sold the property of the delinquent and purchased the same for the city. If the city authorities with whom the treasurer makes his settlement improperly grant exonerations to the treasurer, the appellant has its remedy by a suit to surcharge the settlement in the same manner that a county board of education may sue to surcharge a sheriff's settlement.

The appellant cites and relies on Register Newspaper Co. v. Yeiser, Mayer and Others, et al., 117 Ky. 1013, 80 S. W. 478, 25 Ky. Law Rep. 2186, in which it was held that mandamus was proper to compel the city treasurer to make delinquent tax sales under Section 3187. That decision, however, was prior to the 1918 Act providing the additional and cumulative methods above referred to by which the treasurer may proceed with the

collection of taxes and under the law in existence at that time there was no liability of the treasurer on his official bond for the collection of taxes such as is now provided by Section 3189. We are of the opinion therefore that that case is not controlling here.

Since the treasurer has a discretion as to the manner in which he will proceed with the collection of tax bills, which cannot be controlled by mandamus, and since the appellant has an adequate remedy by proceeding against the treasurer on his official bond in the event he improperly fails to make delinquent tax sales, the trial court was correct in dismissing the petition.

Judgment affirmed.